# IN THE UNITED STATES DISTRICT COURT FOR THE
# MIDDLE DISTRICT OF FLORIDA

LA ROSA FRANCHISING, LLC and
LA ROSA REALTY, LLC,                              CASE NO:

      Plaintiffs,

v.

ANA IVELISSE MORALES and
LA ROSA REALTY PUERTO RICO, PSC,

      Defendants.

_____/

## COMPLAINT

### I. INTRODUCTION

1. This is an action for trademark infringement against Defendants, Ana Ivelisse Morales (hereinafter "Morales"), and La Rosa Realty Puerto Rico, PSC ("LRRPR"), separately and jointly as Defendants, for infringement of Plaintiff, La Rosa Realty, LLC's (hereinafter "La Rosa") rights over its trademark with the United States Patent and Trademark Office (hereinafter "USPTO") registration #5,715,581, registered on April 2, 2019, with a first use in commerce on August 1, 2016, in international class 036, Real Estate Brokerage, stylized (hereinafter " '581 Trademark"). A true and correct copy of the '581 Trademark's USPTO registration certificate is attached hereto as Exhibit "A".

2. Additionally, this is an action for breach of the Franchise Agreement between Plaintiff, La Rosa Franchising, LLC, ("La Rosa Franchising" or "Franchisor"), and Defendant LRRPR ("Franchisee").

3. The claims among and between the parties arise out of the same or

substantially related series of transactions and the parties included in this action are necessary and indispensable parties to this matter pursuant to Rule 19 of the Federal Rules of Civil Procedure.

## II.   THE PARTIES, JURISDICTION AND VENUE

4. Plaintiff, La Rosa Realty, LLC, is a Florida limited liability company with its principal place of business located at 1420 Celebration Blvd, Suite 200, Celebration, Osceola County, Florida, Postal Code 34747, that resides for all purposes within the Middle District Court of Florida and is the owner of the USPTO registered '581 Trademark.

5. Plaintiff, La Rosa Franchising, LLC, is a Florida limited liability company with its principal place of business located at 1420 Celebration Blvd, Suite 200, Celebration, Osceola County, Florida, Postal Code 34747, that resides for all purposes within the Middle District Court of Florida.

6. Defendant, Ana Ivelisse Morales ("Morales"), is a resident of the State of Florida and resides for all purposes related to this action within the Middle District Court of Florida.

7. Franchisee, LRRPR, is a professional corporation of Puerto Rico with its principal place of business located at 500 Av. Luis Muñoz Rivera San Juan , Puerto Rico, Postal Code 00918, and it is owned and operated by Defendant Morales and is a party to the Franchisee Agreement subscribed between Franchisor and Franchisee on December 3, 2019 (hereinafter "Franchise Agreement"), a true and correct copy of which is attached hereto as Exhibit "B".

8. This Court has federal jurisdiction over this action pursuant to 28 U.S.C. §

1331 because it presents a federal question. La Rosa asserts a claim for trademark infringement against the Defendants pursuant to 15 U.S.C. Section 1125(a) and 15 U.S.C. § 1114(1).

9. The Court also has pendent or supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367 and Plaintiffs request that the Court exercise such jurisdiction over Plaintiffs' state law claims.

10. Venue is proper in this Court under 28 U.S.C. § l39l because a substantial part of the events or omissions giving rise to the claims occurred in this District, and a substantial part of the property that is the subject of the action, including the '581 Trademark, is situated in this District.

11. Venue is also proper in this District pursuant to the venue and forum selection clauses contained in the Franchise Agreement between the Franchisor and Franchisee. *See* Exhibit "B", Section 12.

12. Pursuant to the Franchise Agreement, any dispute which involves Franchisee's or Franchisor's continued usage of any of the "Marks, the System, or business concept" as defined in the Franchise Agreement; or, any issues related to disclosure or misuse of Confidential Information or Trade Secrets, will be submitted to a state or federal court within the State of Florida. The parties to the Franchise Agreement expressly consented to personal jurisdiction in the State of Florida and agreed that its courts will have exclusive jurisdiction over these issues. *See* Exhibit "B", Sections 12 and 21.

13. Venue is also proper in this District because pursuant to 28 U.S.C. Section 1391, a civil action may be brought in a judicial district in which any defendant resides if all defendants are residents of the State in which the district is located.

14. The Defendants are residents of the State of Florida as both Defendants are subject to the Court's personal jurisdiction.

15. General and specific personal jurisdiction exists over the Defendants.

16. Defendant, Morales, is a resident of the State of Florida and engaged in numerous activities within the State both individually and on behalf of the Franchisee that gave rise to the claims asserted in this Complaint.

17. Venue and personal jurisdiction exist over the Franchisee as stipulated to in the Franchise Agreement. *See* Exhibit "B" at Sections 12 and 21.

18. The Florida Long-Arm Statute also permits the Court to exercise jurisdiction over the Franchisee and asserting personal jurisdiction over the Franchisee comports with the mandates of due process.

19. Specific personal jurisdiction exists over both Defendants because the causes of action arise out of the Defendants' contacts with the forum.

20. Each Defendant purposely availed themselves of the benefits of the forum state generally and as they relate to the transactions between the parties. The Plaintiffs' claims against the Defendants arise from such contacts and the exercise of jurisdiction comports with traditional notions of fair play and substantial justice and is reasonable.

21. The Franchisee also committed a breach of the Franchise Agreement that was discovered in Florida and injured Franchisor, a Florida resident.

22. The Franchisee's Members and Owners live in Florida and they engaged in activities on behalf of the Franchisee in Florida that gave rise to the causes of action alleged in the Complaint.

23. The Franchisee also directed its activities as they relate to Plaintiffs from

Florida. Florida is a surrogate for the place of incorporation of Franchisee.

24. General personal jurisdiction exists over both Defendants because the Defendants' contacts with the forum are continuous and systematic.

### III. GENERAL FACTUAL ALLEGATIONS

25. On or about December 3, 2019, the parties entered into the Franchise Agreement for the operation of a La Rosa Realty franchise in San Juan, Puerto Rico. *See* Exhibit "B".

26. The Franchisee breached the Franchise Agreement in multiple material ways that were not cured and the Franchise Agreement was properly terminated under its terms and applicable law on or about June 10, 2021. *See* Notice of Default attached hereto as Exhibit "C" identifying some but not all of the Franchisee's breaches of the Franchise Agreement.

27. Pursuant to the Franchisee Agreement, Franchisee agreed to various rights and obligations of the parties and is in breach of several provisions of the Agreement, including but not limited to trademark usage violations.

28. The Agreement contains an Arbitration provision that specifically excludes claims related to trademark infringement, the franchise System, or business concept; any issue where injunctive relief against Franchisee is an appropriate remedy; disputes solely involving the payment of money; or, any issues related to disclosure or misuse of Confidential Information or Trade Secrets. Franchisee agreed that all such disputes or claims will be submitted to a state or federal court within the State of Florida and consented to venue and jurisdiction for the same. *See* Exhibit "B", Sections 12 and 21.

29. Franchisee is in breach of the Franchise Agreement, and Franchisor presents claims herein against Franchisee, for trademark infringement, breach and misuse of the

franchise System or business concept, claims where injunctive relief against Franchisee is an appropriate remedy, payment of money, and/or the misuse of Confidential Information.

30. Defendants are in breach of La Rosa's trademark rights in its '581 Trademark in several ways, including but not limited to, their use of a Corporate Registration for LA ROSA REALTY PUERTO RICO, PSC and Defendants intentional improper attempted registration of a mark confusingly similar to the '581 Trademark of La Rosa.

31. La Rosa is the owner of the currently **registered** service mark, USPTO Registration #5,715,5813. *See* Exhibit "A".

32. Post-termination of the instant Franchise Agreement by Defendants, Defendant Morales applied for registration of a confusingly similar and competing service mark to that of Plaintiff La Rosa on August 17, 2021, in international class 036 (**Real Estate Services, etc.**) for the service mark "La Rosa Realty Puerto Rico, PSC". This application has not yet been examined by the USPTO. *See* Trademark Application of the Defendants attached hereto as Exhibit "D".

33. The distinguishing characteristics of the La Rosa "System" under the Franchise Agreement includes the '581 Trademark "LA ROSA REALTY" and other trademarks and trade names, confidential operating procedures, confidential Operations Manual, standards and specifications for equipment, services and products, method of Internet usage, methods of service, management and marketing programs and sales techniques and strategies all of which are Franchisor's Confidential Information and are designated by and identified with the Marks described in the Franchise Agreement. The Franchisee breached these standards and obligations.

34. Under the Franchise Agreement, Franchisee agreed not use any Marks or

portion of any Marks as part of Franchisee's corporate or trade name, or with any prefix, suffix or other modifying words, terms, designs or symbols, or in any modified form. Any express or implied right of Franchisee to use the same, was clearly revoked at the time Franchisee breached the Franchise Agreement and/or it was terminated.

35. Franchisee's unauthorized use of the '581 Trademark and of Copyrighted Materials of Franchisor constitute a breach of the Franchise Agreement and an infringement of the rights of Franchisor.

36. Franchisee also agreed that the Franchisor owns all business records of, and/or related to, the business including, without limitation, <u>all names</u> and all other Business Records created and maintained by Franchisee. Franchisee breached the Franchise Agreement by not ceasing to use and returning all names and all other Business Records created and maintained by Franchisee.

37. Franchisee also agreed to cooperate fully, both before and after termination or expiration of the Franchise Agreement, in confirming, perfecting, preserving, and enforcing Franchisor's rights in its marks, including but not limited to, executing assignments and powers of attorney. Franchisee was obligated to transfer and assign to Franchisor all the property of Franchisee related to the business, including all of the Intellectual Property Rights that had been created by the Defendants. Franchisee breached these obligations.

38. Because La Rosa '581 Trademark was registered federally, only La Rosa, as the mark's owner, has the right to use it excluding all others. The use by Defendants of this registered service mark or portions thereof without La Rosa's permission constitutes trademark infringement and a breach of the Franchise Agreement subject to the penalties stipulated by law, which include legal fees.

39. Again and, significantly, Defendants, post-termination and in breach of the Franchise Agreement and La Rosa's service mark registration, applied for a service mark with the USPTO that is intentionally and confusingly similar to La Rosa's Mark. This was done deliberately by Defendants, in the middle of the parties' post-termination settlement negotiations, as an unconscionable attempt to gain the upper hand by Defendant Morales and her company, Defendant LA ROSA REALTY PUERTO RICO, PSC.

40. Defendants' USPTO Serial #90,887,485 ("Application '485"), corresponds to an **application** under "Intend to Use", with a logotype that includes the text LA ROSA REALTY PUERTO RICO PSC. *See* Exhibit "D".

41. Plaintiffs have satisfied all conditions precedent to bringing this action.

## IV.  CAUSES OF ACTION

### V.  COUNT ONE (Trademark Infringement Under 15 U.S.C. §§ 1114(a)
### La Rosa Realty against Both Defendants

42. This is a claim for trademark infringement caused by Defendants' unauthorized use of the '581 Trademark and application for a mark confusingly similar to the mark of La Rosa and other conduct constituting trademark infringement.

43. La Rosa has used the '581 Trademark in commerce to designate particular services.

44. La Rosa's registering of a service-mark with the USPTO is considered to be evidence of its exclusive right to use the registered mark.

45. Defendants have infringed La Rosa's registered mark by use of a reproduction or colorable imitation of the mark in order to sell or advertise goods or services and which is likely to cause confusion, or to cause mistake, or to deceive the consuming public.

46. Defendants have engaged in unauthorized use of the '581 Trademark in commerce causing actionable confusion or a likelihood of confusion.

47. There are generally two key considerations in any likelihood of confusion analysis: (1) the similarities between the compared marks and (2) the relatedness of the compared goods and/or services. *See* Opinion Letter of Mario S. Golab, AE, MBA, JD, MIP (IP law), USPTO Registered Patent Attorney attached hereto as Exhibit "E."

48. When comparing marks, the proper test is not a side-by-side comparison of the marks, but instead whether the marks are sufficiently similar in terms of their commercial impression such that consumers who encounter the marks would be likely to assume a connection between the parties. *Id.* at p. 6.

49. The proper focus is on the recollection of the average purchaser, who retains a general rather than specific impression of trademarks. *Id*.

50. The respective marks, LR LA ROSA REALTY and LA ROSA REALTY PUERTO RICO PSC, are highly similar in appearance, sound and meaning and consumers who encounter the marks would be likely to assume a connection between the instant parties. *Id.* at pp. 6-11.

51. The only difference between the marks of La Rosa Realty and the Defendants is the aggregate geographic nominator and the logotype. *Id*.

52. Consumers are generally more inclined to focus on the text prefix, or syllable in any trademark or service mark. *Id.*

53. In this case, the marks share the same first three significant words, "LA ROSA REALTY". This fact contributes to the marks having the same commercial impression because consumers are more likely to focus on the words "LA ROSA REALTY" when

viewing or hearing the marks. Here, the addition of "PUERTO RICO PSC" in Application '485 provides a geographic indication but does not obviate the overall similarity between the marks. *Id*.

54. Consumers, when encountering the marks LR LA ROSA REALTY and LA ROSA REALTY PUERTO RICO are likely to be confused as to the source of the services at issue, particularly when the services are used for identical purposes. *Id.* at pp. 7-8. Indeed, the confusion is compounded by Defendant's actual prior franchise relationship with Plaintiff La Rosa Franchising.

55. Defendants' addition of one or two words to their purported Mark does not change a mark's sound and meaning and does very little to change a mark's appearance leaving it virtually identical to the Mark of Plaintiff, La Rosa Realty, LLC . There can be little doubt that the instant marks are practically identical and at a minimum confusingly similar. The word marks are phonetically identical and visually almost identical. *Id.*

56. The Defendants knowingly and intentionally applied for and are using a mark that is confusingly similar to La Rosa Realty's registered mark.

57. LR LA ROSA REALTY and LA ROSA REALTY PSC are highly similar in appearance, sound, meaning, and give the same commercial impression making them confusingly similar. *Id*.

58. Significantly, Defendants' Mark was registered subsequent to termination of the Franchise Agreement and after the time Plaintiffs demanded a cessation of Defendants' breaches of the Franchise Agreement and trademark infringement and a turnover over Defendants' Puerto Rico corporate registration containing Plaintiffs' Mark as required by the Franchise Agreement.

59. Plaintiff La Rosa's, trademark registered under "Real Estate Services" and the Defendants' Trademark application under "Real Estate Brokerage Services" are identical or closely related because the wording in the description of goods and services is broad enough to overlap. *Id.*

60. These goods and services are commonly provided through the same channels of trade. *Id.*

61. In this case, La Rosa's registration uses broad wording to describe "Real Estate Brokerage," which encompasses all services of the type described, including Defendants' more narrow "Real Estate Services." Thus, Defendants' and La Rosa's services are legally identical and sufficiently related, are provided through the same trade channels, are used by the same classes of consumers in the same fields of use and are related for likelihood of confusion purposes. *Id.* at p. 9.

62. The Parties' marks create the same commercial impression and the respective services are highly related. Therefore, consumers are likely to be confused and mistakenly believe that these services originate from a common source. *Id.*

63. The '581 Trademark is exclusively the property of Plaintiff La Rosa Realty, LLC and any unauthorized use of it constitutes trademark infringement. Defendants' application for and use of "LA ROSA REALTY PSC" constitutes trademark infringement by the Defendants and breaches the Franchise Agreement.

64. Defendants' use of the Marks is intended to cause, has caused and is likely to continue to cause confusion, mistake and deception among the general consuming public and the trade as to whether real estate brokerage and related real estate services marketed or promoted originate from, and/or are affiliated with, sponsored by, or endorsed by Plaintiff La

Rosa Realty.

65. Defendants have acted with knowledge of La Rosa Realty's superior ownership interests in and to the Mark and with the deliberate intention to unfairly benefit from the incalculable goodwill symbolized thereby.

66. Defendants' acts constitute willful trademark infringement in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114 and a blatant breach of the Franchise Agreement.

67. Upon information and belief, by their acts, Defendants have made and will make substantial profits and gains to which they are not entitled in law or at equity.

68. Upon information and belief, Defendants intend to continue their infringing acts, and will continue to willfully infringe the Mark, unless restrained by this Court.

69. As a direct and proximate cause of the aforementioned infringements, Plaintiff La Rosa has been harmed and suffered monetary damages in an amount not as yet determined and lacks an adequate remedy at law.

70. The court may award reasonable attorney fees to the Plaintiff as the prevailing party pursuant to 15 U.S.C. Section 1117(a).

WHEREFORE, La Rosa Franchising demands judgment against Defendants for compensatory damages, Defendant's profits, actual damages, attorney's fees and costs and for injunctive relief barring Defendants' violation of La Rosa's trademark rights.

### VI. COUNT TWO (Breach of Contract)
### By La Rosa Franchising against La Rosa Realty Puerto Rico, PSC

71. Franchisor incorporates by reference the preceding paragraphs of the Complaint as it fully incorporated herein.

72. The Franchise Agreement is a valid and enforceable agreement between the Franchisor and Franchisee.

73. Franchisee materially breached the Franchise Agreement causing damages to Franchisor.

WHEREFORE, La Rosa Franchising demands judgment against Franchisee for compensatory damages, attorney's fees and costs.

### VII. COUNT THREE : TORTIOUS INTERFERENCE WITH A CONTRACT
### La Rosa Franchising against Morales

74. La Rosa Franchising hereby alleges and realleges the preceding paragraphs of this Complaint as if fully incorporated herein.

75. La Rosa Franchising had a valid and enforceable contract, business relationship and prospective business relationship with Franchisee.

76. At all times, Morales was aware this valid and enforceable Contract, business relationship and prospective business relationship.

77. Morales intentionally and unfairly interfered with the business relationship and prospective business relationship between La Rosa Franchising and Franchisee.

78. Such intentional and wrongful conduct has caused immediate, substantial, and ongoing injury to La Rosa Franchising.

79. Morales intentionally and unjustly interfered with or otherwise disrupted this business relationship, causing damages to La Rosa Franchising as a direct result from this disruption and the actions of Morales.

WHEREFORE, La Rosa Franchising demands judgment in its favor against Morales for compensatory damages and actual damages, costs of suit and for such other relief

### VIII.   COUNT FOUR:  Florida Deceptive and Unfair Trade Practices
### La Rosa Franchising and La Rosa Realty against Both Defendants

80.   Plaintiffs hereby incorporate by reference the preceding paragraphs of the Complaint as if fully set forth and realleged herein.

81.   Defendants have engaged in unfair and deceptive acts and practices by initiating and using the Mark of La Rosa Realty in connection with the sale and promotion of real estate brokerage services, thereby creating a likelihood of public confusion as to the source, endorsement and sponsorship of said services and based on the additional facts alleged in the Complaint.

82.   Defendants' deceptive acts and practices have injured Plaintiffs.

83.   Defendants' deceptive acts and practices offend the public and are highly unethical, oppressive and unscrupulous, thereby affecting trade and commerce now and in the future both within the State of Florida and elsewhere.

84.    As a direct and proximate result of said deceptive acts and unfair trade practices, Plaintiffs have been harmed and have suffered monetary damages in an amount not yet determined.

WHEREFORE, Plaintiffs demand judgment in their favor against Defendants for compensatory damages and actual damages, attorney's fees costs of suit and for such other relief the Court deems just and proper.

### IX.   COUNT FIVE:  Common Law Trademark Infringement
### La Rosa Realty against Both Defendants

85.   La Rosa Realty incorporates by reference the preceding paragraphs of the Complaint as if fully set forth and realleged herein.

86. La Rosa Realty owns all rights, title and interest in the '581 Trademark including all common law rights in said mark.

87. Such Mark is distinctive.

88. The aforementioned acts of the Defendants constitute trademark infringement in violation of the common law of the State of Florida.

89. Upon information and belief, by said acts, Defendants have made and will make substantial profits and gains to which they are not in law or at equity entitled.

90. Upon information and belief, Defendants intend to continue their willfully infringing acts, unless restrained by this Court.

91. As a direct and proximate result of said infringement, La Rosa has suffered harm and suffered monetary damages in an amount not yet determined.

92. La Rosa has no adequate remedy at law.

WHEREFORE, La Rosa demands judgment in its favor against Defendants for compensatory damages and actual damages, costs of suit and for such other relief the Court deems just and proper.

### X. COUNT SIX: Unfair Competition
### Plaintiffs against Both Defendants

93. Plaintiffs hereby incorporate by reference the preceding paragraphs above as if fully set forth and realleged herein.

94. The aforementioned acts of the Defendants constitute unfair competition in violation of the common law of the State of Florida.

95. Upon information and belief, by their acts, Defendants have made and will continue to make substantial profits and gains to which they are not in law or at equity

- 16 -

entitled.

96. Upon information and belief, Defendants intend to continue their willfully infringing acts and continue to engage in unfair competition, unless restrained by this Court.

97. As a direct and proximate result of such unfair competition, Plaintiffs have suffered harm and suffered monetary damages in an amount not yet determined.

98. Plaintiffs do not have an adequate remedy of law.

WHEREFORE, Plaintiffs demand judgment in their favor against Defendants for compensatory damages and actual damages, costs of suit and for such other relief the Court deems just and proper.

### VII. **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs pray for this Court to enter Judgment against the Defendants and in and in favor of Plaintiffs:

1. For costs of suit;
2. For compensatory and actual damages;
3. Defendants' improperly gained profits;
4. Injunctive relief;
5. Attorney's fees;
6. Prejudgment interest; and
7. Such other award the Court deems just and proper.

**DEMAND FOR JURY TRIAL**

Plaintiffs Demand a jury trial of all matters so triable as a matter of right.

Respectfully submitted,

DATED this 6th day of October 2021
Vincent B. Lynch, Esq.
FL BAR# 0917801
vincent@elpglobal.com
Carlos J. Bonilla
FL BAR #0577818
carlos@elpglobal.com
ELP Global, PLLC
7901 Kingspointe Parkway, Suite 8
Orlando, Florida 32819
Attorney for Plaintiffs

By:   /s/ Vincent B. Lynch
        Vincent B. Lynch