UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**LA ROSA FRANCHISING, LLC
and LA ROSA REALTY, LLC,**

      **Plaintiffs,**

v.                                                 Case No.   6:21-cv-1660-ACC-DCI

**ANA IVELISSE MORALES and
LA ROSA REALTY PUERTO
RICO, PSC,**

      **Defendants.**

## ORDER

This cause comes before the Court *sua sponte* on review of the file. On October 6, 2021, Plaintiffs La Rosa Franchising, LLC and La Rosa Realty, LLC filed suit against Defendants Ana Ivelisse Morales and La Rosa Realty Puerto Rico, PSC. Plaintiffs assert the Court has jurisdiction on the basis of federal question, 28 U.S.C. § 1331, for Defendants' infringement of Plaintiffs' trademark #5,715,581 registered with the United States Patent and Trademark Office ("USPTO") on April 2, 2019, and first used in commerce on August 1, 2016 (the '581 Mark). (Doc. 1-1 ¶ 8; Doc. 1-2). Plaintiffs also assert state law claims for breach of a December 3, 2019 franchise agreement between the parties, tortious interference with their contract by Morales, and deceptive trade practices. Plaintiffs assert that the Court has jurisdiction under § 1367 because these state law claims arise out of a "substantially

related series of transactions." (*Id.* ¶ 9). The Court will examine whether to exercise supplemental jurisdiction, pursuant to 28 U.S.C. § 1367, over Plaintiffs' non-infringement state claims.

## ANALYSIS

A.  *Section 1367(c)*

This Court has an obligation to inquire into its own jurisdiction *sua sponte*. *Mallory & Evans Contractors & Eng'rs, LLC v. Tuskegee Univ.,* 663 F.3d 1304, 1304–05 (11th Cir. 2011). When state claims exist in a suit lacking diversity, the Court's jurisdictional inquiry is two-fold. *Baggett v. First Nat. Bank of Gainesville*, 117 F.3d 1342, 1352 (11th Cir. 1997). First, the Court must decide whether it has the power to hear the state claims. *Id.* Second, the Court must decide whether, in its discretion, it will retain jurisdiction over the claims. *Id.*

A federal court has the power to exercise supplemental jurisdiction over state claims when they arise from the common nucleus of operative fact as a substantial federal claim. *Parker v. Scrap Metal Processors, Inc.*, 468 F.3d 733, 743 (11th Cir. 2006). In this case, Plaintiffs have alleged counts for infringement of Plaintiffs' federally registered trademark under federal law, 15 U.S.C. §§ 1114(a) (Count One), and Florida common law (Count Five); as well as unfair competition for the infringement (Count Six). These counts clearly arise from the common nucleus of operative fact as Plaintiffs' trademark infringement claims for misuse of the '581 Mark. (Doc. 1-1 ¶¶ 39, 40).

Less clear is whether Plaintiffs' three other state law claims arise from the common nucleus of operative fact as the trademark infringement because they concern breach of and interference with the parties' franchise agreement and are not limited to infringement of the '581 Mark. Plaintiff La Rosa Franchising asserts a claim for breach of the franchise agreement against La Rosa Realty Puerto Rico, PSC (Count Two) and tortious interference for interference with the franchise agreement against Defendant Morales (Count Three). Plaintiffs also assert a claim for violation of the Florida Deceptive and Unfair Trade Practices Act (Count Four) against both Defendants. (Doc. 1-1).

Federal courts have discretion to decline supplemental jurisdiction in four scenarios. 28 U.S.C. § 1367(c). Such discretion exists when: (1) the state claim raises a novel or complex issue of state law; (2) the state claims substantially predominate over the federal claims; (3) the court has dismissed all federal claims; or (4) exceptional circumstances exist that create compelling reasons for declining jurisdiction. *Parker*, 468 F.3d at 743. Any one factor listed above is sufficient to give the district court discretion to dismiss the supplemental state claims. *Palmer v. Hosp. Auth. of Randolph Cnty.*, 22 F.3d 1559, 1569 (11th Cir. 1994). Additional factors a court should consider in exercising its discretion are judicial economy, convenience, fairness, and comity. *Rowe v. City of Fort Lauderdale*, 279 F.3d 1271, 1288 (11th Cir. 2002). "Both comity and economy are served when issues of state law are resolved by state courts." *Id.*

This court has found that state tort claims predominate over the federal claims when multiple state law claims require elements of proof that are foreign to the federal claims. *German v. Eslinger*, No. 6:08-cv-845-ACC-GJK, 2008 WL 2915071, at *1 (M.D. Fla. July 25, 2008) (declining supplemental jurisdiction over battery and other state claims under Florida state law because they required different elements of proof than federal civil rights claims); *Ciavaglia v. Gevity H.R. Inc.*, No. 6:07-cv-1206-Orl-22KRS, 2008 WL 782494, at *1 (M.D. Fla. Mar. 20, 2008) (citing *James v. Sunglass Hut of Cal., Inc.*, 799 F. Supp. 1083, 1085 (D. Colo. 1992) (declining to exercise supplemental jurisdiction over employee's state law claims where they substantially predominated over ADEA claim)); *Hernandez v. Hansell*, No. 6:14-cv-1351-ACC-GJK, 2016 WL 8943279, at *9–10 (M.D. Fla. July 11, 2016) (declining supplemental jurisdiction because of the "substantial differences" between Fla. Stat. § 768.28 and 42 U.S.C. § 1983), *aff'd*, 695 F. App'x 523 (11th Cir. 2017).

Additionally, courts in this circuit have hesitated to exercise supplemental jurisdiction over state claims which would only serve to introduce jury confusion and delay. *See Morales v. Aldie's Certified Auto Body & Mech., Inc.*, No. 6:07-cv-1470-Orl-22GJK, 2008 WL 782497, at *1 (M.D. Fla. Mar. 20, 2008); *Bennett v. Southern Marine Mgmt. Co.*, 531 F. Supp. 115, 117–118 (M.D. Fla. 1982) (holding that combining Title VII and state tort and contract claims would cause confusion and delay, which is at odds with important federal policies underlying Title VII); *Williams v. Bennett,* 689 F.2d 1370, 1380 (11th Cir. 1982) (affirming trial judge's

exercise of discretion not to assert pendent party jurisdiction and deference to state court's resolution of the state law claims of assault and battery). Courts have also pointed to differences in recoverable damages as a basis for refusing to exercise supplemental jurisdiction. *Bennett*, 531 F. Supp. at 117 ("[T]hese state claims also support theories of recovery unavailable under Title VII; presentation of additional elements of damages necessarily involves additional discovery and trial time."); *James*, 799 F.Supp. at 1085 ("[A]ll the state law claims involve damages not available under ADEA.").

    *B. Elements of a trademark claim*

    In this case, Plaintiffs assert a federal claim for Defendants' infringement of the '581 Mark. Trademarks are "any word, name, symbol, or device, or any combination thereof [used] to identify and distinguish [one's] goods . . . from those manufactured or sold by others and to indicate the source of the goods." 15 U.S.C. § 1127. A service mark is a word, phrase, or design that identifies and distinguishes the source of the service of one party from those of others. *Id*. The '581 Mark for "LR LA ROSA REALTY" consists of a circle with cursive "L" and "R" with the words "La Rosa Realty"; it is registered as a service mark for real estate brokerage. (Doc. 1-2).

    Under the Lanham Act, 15 U.S.C. § 1114(1), a defendant is liable for infringement, if, without consent, it uses "in commerce any reproduction, counterfeit, copy, or colorable imitation of a registered mark" which "is likely to

cause confusion, or to cause mistake, or to deceive." *Frehling Enters. v. Int'l Select Group, Inc.*, 192 F.3d 1330, 1335 (11th Cir. 1999). The infringement analysis for trademarks and services marks is the same, and courts treat the terms as interchangeable in infringement claims. *Id.* at 1330 n.1. Registration of a mark creates a rebuttable presumption of the mark's validity and the holder's right to its exclusive use. 15 U.S.C. § 1057(b).[1]

Plaintiffs allege that Defendants infringed their registered trademark by (1) unauthorized use of the '581 Mark in commerce; (2) applying for Defendant's "La Rosa Realty Puerto Rico PSC" mark which is confusingly similar to the '581 Mark of "La Rosa Realty"[2]; and (3) use of a reproduction or colorable imitation of the '581 Mark to sell or advertise services likely to cause confusion, compounded by Defendant's actual prior franchise relationship with Plaintiffs. (Doc. 1-1 ¶¶ 42, 45, 46, 54). Plaintiffs further allege that Defendants have acted with knowledge of La Rosa Realty's superior ownership interests in the '581 Mark and with the deliberate intention to unfairly benefit from the goodwill symbolized by it. (*Id.* ¶ 65).

Plaintiffs also assert a state claim for common law trademark infringement, alleging that Defendants have willfully infringed Plaintiffs' distinctive mark and will profit from the infringing acts. (*Id.* ¶¶ 86-92). "Ownership of a mark, both under the

---

[1] Plaintiffs have not alleged the mark is incontestable. *See* 15 U.S.C. § 1065(3) (after five years of continuous use, a registrant may file the requisite affidavit with the USPTO to render the mark incontestable).

[2] Defendants' Application is USPTO Serial #90,887,485. (Doc. 1-1 ¶ 40).

Lanham Act and at common law, is determined by use, and specifically priority" of use. *Fifth Avenue Assoc., Inc. v. Compton*, 7 F. Supp. 2d 1328, 1331 (M.D. Fla. 1998). Plaintiffs also assert a separate claim for unfair competition based on Defendants' willful infringement in violation of the common law of Florida. (*Id.* ¶¶ 95-98). The two common law claims are directly related and overlap with the Plaintiffs' federal trademark infringement claim.

### C. Distinctions between trademark infringement and state law claims

In contrast, the Court finds that Plaintiffs' state law claims for breach of contract, tortious interference with contract, and deceptive trade practices under Florida law require a more detailed set of factual and legal determinations that are otherwise not relevant to Plaintiffs' trademark infringement claim under the federal Lanham Act. Plaintiff La Rosa Franchising, LLC is suing Defendant La Rosa Realty Puerto Rico, PSC[3] for breach of the parties' 125-page franchise agreement executed on December 3, 2019. (Doc. 1-1 ¶¶ 7, 25-26; Doc. 1-3). Plaintiffs allege that the franchisee, Defendant La Rosa Realty Puerto Rico, PSC, breached the parties' franchise agreement in "multiple material ways that were not cured" including but not limited to: unauthorized use of copyrighted materials; failing to return business

---

[3] Even though Defendant La Rosa Realty Puerto Rico, PSC's principal place of business is located in San Juan, Puerto Rico, Plaintiffs allege in the Complaint that this Defendant is a "resident of the State of Florida." (Doc. 1-1 ¶ 14). They further allege that "Florida is a surrogate for the place of incorporation of Franchisee" La Rosa Realty Puerto Rico, PSC. (*Id.* ¶ 23). The Court is highly dubious of such assertions but need not address citizenship since Plaintiffs assert jurisdiction based on federal question, 28 U.S.C. § 1331, rather than diversity of citizenship, § 1332.

records; failing to provide a statement of monthly revenues and the royalty fee, failing to open an office location within six months, train staff, and obtain insurance; and misusing marks. (Doc. 1-4; Doc. 1-1 ¶¶ 35-36). The parties' agreement terminated on June 10, 2021. (*Id.*). Plaintiffs also alleges that, under the franchise agreement, "*any* dispute" which involves Defendants' "continued usage of any of the Marks, the System, or business concept," as defined in the Franchise Agreement; or *any* issues related to disclosure or misuse of confidential information or trade secrets can be brought in a Florida court. (Doc. 1-1 ¶ 12 (emphasis added)).

In order to prevail on a claim of trademark infringement, a plaintiff must show "that its mark is valid and that the defendant's use of the contested mark is likely to cause confusion." *Dieter v. B & H Indus. of Sw. Fla., Inc.*, 880 F.2d 322, 326 (11th Cir. 1989) (citations omitted); *Fifth Avenue*, 7 F. Supp. 2d at 1331. In contrast, proving breach of contract under Florida law requires proof of the following three elements: (1) the existence of a valid contract, (2) a material breach, and (3) damages. *Vega v. T-Mobile USA, Inc.*, 564 F.3d 1256, 1272 (11th Cir. 2009) (applying Florida law). To prove the existence of a valid contract, the plaintiff must specify the contract's essential terms. *Id.*

Further, under Florida law, Plaintiffs allege both Defendants engaged in deceptive practices and violated the FDUTPA (Doc. 1 ¶¶ 81-84), which prohibits unfair or deceptive acts in the conduct of any trade or commerce. Fla. Stat. § 501.204(1). To prevail on a FDUTPA claim, the plaintiff must show: 1) a deceptive

act or unfair practice; 2) causation; and 3) actual damages. *Blair v. Wachovia Mortg. Corp.*, No. 5:11-cv-566-OC-37TBS, 2012 WL 868878, at *3 (M.D. Fla. Mar. 14, 2012). An act is deceptive if it "is likely to mislead the consumer acting reasonably in the circumstances, to the consumer's detriment." *State v. Beach Blvd. Auto., Inc.*, 139 So. 3d 380, 387 (Fla. 1st DCA 2014).

The breach of contract alone will not support a FDUTPA claim. *See, e.g., Rebman v. Follett Higher Educ. Grp.,* 575 F. Supp. 2d 1272, 1279 (M.D. Fla. 2008). Thus, to state a claim under FDUTPA, the plaintiff must show that the acts underlying the breach are, by themselves, unfair or deceptive. *Id.* In other words, "a FDUTPA claim must be premised on the act causing a breach of an agreement as opposed to the breach of the agreement itself." *Fong Kai Bus. Grp. v. Shade Saver, Inc.*, No. 5:18-cv-540-OC-30PRL, 2019 WL 12304385, at *6 (M.D. Fla. Apr. 9, 2019); *Pinnock v. Wal-Mart Stores, Inc.*, No. 6:09-cv143-MSS-GRJ, 2009 WL 10670000, at *5 (M.D. Fla. Aug. 10, 2009) (recognizing that a plaintiff may pursue a FDUTPA claim so long as the acts giving rise to the breach of contract also constitute an unfair or deceptive trade practice).

Plaintiffs allege that Defendant Morales intentionally and unfairly interfered with the business relationship between La Rosa Franchising and its franchisee, La Rosa Realty Puerto Rico, PSC. (Doc. 1-1 ¶¶ 75-79). Under Florida law, the "elements of tortious interference with a contract or business relationship are: (1) the existence of a business relationship, not necessarily evidenced by an enforceable

contract, under which the plaintiff has legal rights; (2) the defendant's knowledge of the relationship; (3) an intentional and unjustified interference with the relationship by the defendant; and (4) damage to the plaintiff as a result of the interference." *Menudo Int'l, LLC v. In Miami Prod., LLC*, No. 17-21559-CIV, 2018 WL 1745395, at *3 (S.D. Fla. Apr. 11, 2018) (quoting *Salit v. Ruden, McClosky, Smith, Schuster & Russell, P.A.*, 742 So. 2d 381, 385-86 (Fla. 4th DCA 1999)).

The Court declines to exercise supplemental jurisdiction over Plaintiffs' claims for breach of the franchise agreement, tortious interference, and FDUTPA because these claims have different elements than Plaintiffs' trademark infringement claims. *See Wisey's #1 LLC v. Nimellis Pizzeria LLC*, 952 F. Supp. 2d 184, 190 (D.D.C. 2013) (in a trademark infringement case, declining to exercise jurisdiction over state law counterclaims for tortious interference based on alleged derogatory statements that caused competitor to lose future business because the claims substantially predominated over the Lanham Act claim and required different elements of proof); *cf. Hernandez,* 2016 WL 8943279, at *4 (remanding state tort claims which had different elements than the plaintiff's § 1983 excessive force claim), *aff'd*, 695 F. App'x 523 (11th Cir. 2017); *German*, 2008 WL 2915071, at *2 (noting that battery and "unnecessary and excessive" force claims under Florida state law require different elements of proof than federal civil rights claims).

In addition, Plaintiffs' state claims for breach of contract, tortious interference with contract, and violation of FDUTPA will substantially predominate over the

trademark infringement claims, thus introducing jury confusion and delay. *Armada Oil & Gas Co. v. Eppco, Inc.*, No. 06-CV-10269, 2006 WL 950266, at *2 (E.D. Mich. Apr. 12, 2006) (finding that state law claims of tortious interference with contract and breach of contract substantially predominated over federal trademark infringement claims); *see also Marshall Tucker Band, Inc. v. M T Indus., Inc.*, 238 F. Supp. 3d 759, 767 (D.S.C. 2017)[4] (declining to exercise supplemental jurisdiction over state law claims for breach of contract and state unfair-practices act violations based on comity and considerations of judicial economy following dismissal of federal trademark claims); *Tech Enterprises, Inc. v. Wiest*, 428 F.Supp.2d 896, 901-02 (W.D. Wis. 2006) (declining to exercise supplemental jurisdiction over trademark owner's breach of contract and misappropriation of trade secret claims because they did not share a "common nucleus of operative fact" with federal claims of trademark infringement and unfair competition).

Based on the foregoing, it is ordered as follows:

1. Pursuant to 28 U.S.C. § 1367, the Court in its discretion DECLINES to exercise supplemental jurisdiction over Plaintiffs' state law claims for breach of the franchise agreement, tortious interference, and FDUTPA (Counts Two, Three, and Four).

---

[4] The order was amended sub nom. *The Marshall Tucker Band, Inc. v. M T Indus., Inc.*, No. CV 7:16-00420-MGL, 2017 WL 1469356 (D.S.C. Apr. 25, 2017).

2. The period of limitations for Plaintiffs' state law claims for breach of the franchise agreement, tortious interference, and FDUTPA shall be tolled for a period of 30 days, unless state law provides for a longer tolling period.[5]

3. Plaintiffs are ORDERED to file an amended complaint within 14 days alleging only their claims for trademark infringement and unfair competition. If Plaintiffs fail to timely file an amended complaint, the case will proceed as to Counts One, Five, and Six (only) in the Complaint.

**DONE** and **ORDERED** in Chambers, in Orlando, Florida on February 18, 2022.

ANNE C. CONWAY
United States District Judge

Copies furnished to:

Counsel of Record

---

[5] *See* 28 U.S.C. § 1367(d).