**IN THE UNITED STATES DISTRICT COURT FOR THE**

**MIDDLE DISTRICT OF FLORIDA**

LA ROSA FRANCHISING, LLC and
LA ROSA REALTY, LLC,                          CASE NO:6:21-CV-1660-ACC

       Plaintiffs,

v.

ANA IVELISSE MORALES and
LA ROSA REALTY PUERTO RICO, PSC

       Defendants.

_____/

## AMENDED COMPLAINT

### I. INTRODUCTION

1.    This is an action for trademark infringement and unfair competition against Defendants, Ana Ivelisse Morales (hereinafter "Morales"), and La Rosa Realty Puerto Rico, PSC ("LRRPR"), separately and jointly as Defendants, for infringement of Plaintiff, La Rosa Realty, LLC's (hereinafter "La Rosa") rights over its trademark with the United States Patent and Trademark Office (hereinafter "USPTO") registration #5,715,581, registered on April 2, 2019, with a first use in commerce on August 1, 2016, in international class 036, Real Estate Brokerage, stylized (hereinafter " '581 Trademark"). A true and correct copy of the '581 Trademark's USPTO registration certificate is attached hereto as Exhibit "A".

2.    The claims among and between the parties arise out of the same or substantially related series of transactions and the parties included in this action are necessary and indispensable parties to this matter pursuant to Rule 19 of the Federal Rules of Civil Procedure.

- 1 -

## II.   THE PARTIES, JURISDICTION AND VENUE

3.      Plaintiff, La Rosa Realty, LLC, is a Florida limited liability company with its principal place of business located at 1420 Celebration Blvd, Suite 200, Celebration, Osceola County, Florida, Postal Code 34747, that resides for all purposes within the Middle District Court of Florida and is the owner of the USPTO registered '581 Trademark.

4.      Plaintiff, La Rosa Franchising, LLC, ("La Rosa Franchising" or "Franchisor") is a Florida limited liability company with its principal place of business located at 1420 Celebration Blvd, Suite 200, Celebration, Osceola County, Florida, Postal Code 34747, that resides for all purposes within the Middle District Court of Florida.

5.      Defendant, Ana Ivelisse Morales ("Morales"), is a resident of the State of Florida and resides for all purposes related to this action within the Middle District Court of Florida.

6.      La Rosa Realty Puerto Rico, PSC ("Franchisee") is a professional corporation of Puerto Rico with its alleged principal place of business located at 500 Av. Luis Muñoz Rivera San Juan , Puerto Rico, Postal Code 00918, and it is owned and operated by Defendant Morales and is a party to the Franchisee Agreement subscribed between Franchisor and Franchisee on December 3, 2019 (hereinafter "Franchise Agreement"). Morales is the Registered Agent of the Franchisee.

7.      This Court has federal jurisdiction over this action pursuant to 28 U.S.C. § 1331 because it presents a federal question.  La Rosa asserts a claim for trademark infringement against the Defendants pursuant to 15 U.S.C. Section 1125(a) and 15 U.S.C. § 1114(1).

8.	Venue is proper in this Court under 28 U.S.C. § 1391 because Morales is domiciled and resides in this District, a substantial part of the events or omissions giving rise to the claims occurred in this District, and a substantial part of the property that is the subject of the action, including the '581 Trademark, is situated in this District.

9.	Venue is also proper in this District pursuant to the venue and forum selection clauses contained in the Franchise Agreement between the Franchisor and Franchisee.

10.	Pursuant to the Franchise Agreement, any dispute which involves Franchisee's or Franchisor's continued usage of any of the "Marks" will be submitted to a state or federal court within the State of Florida. The parties to the Franchise Agreement expressly consented to personal jurisdiction in the State of Florida and agreed that its courts will have exclusive jurisdiction over these issues and the instant claims.

11.	General and specific personal jurisdiction exists over the Defendants.

12.	Defendant, Morales, is a resident of the State of Florida and engaged in numerous activities within the State both individually and on behalf of the Franchisee that gave rise to the claims asserted in this Complaint.

13.	Venue and personal jurisdiction exist over the Franchisee as stipulated to in the Franchise Agreement.

14.	Specific personal jurisdiction exists over both Defendants because the causes of action arise out of the Defendants' contacts with the forum.

15.	Each Defendant purposely availed themselves of the benefits of the forum state generally and as they relate to the transactions between the parties.  The Plaintiffs' claims against the Defendants arise from such contacts and the exercise of jurisdiction comports with traditional notions of fair play and substantial justice and is reasonable.

- 3 -

16.     The Franchisee's Members and Owners are domiciled in Florida and they engaged in activities on behalf of the Franchisee in Florida that gave rise to the causes of action alleged in the Complaint.  Morales is a licensed Realtor in Florida and markets real property in Florida.

17.     The Franchisee also directed its activities as they relate to Plaintiffs from Florida.  Florida is a surrogate for the place of incorporation of Franchisee.

18.     General personal jurisdiction exists over both Defendants because the Defendants' contacts with the forum are continuous and systematic.

### III.  <u>GENERAL  FACTUAL  ALLEGATIONS</u>

19.     On or about December 3, 2019, the parties entered into the Franchise Agreement for the operation of a La Rosa Realty franchise in San Juan, Puerto Rico.

20.     The Agreement contains an Arbitration provision that specifically <u>excludes</u> claims related to trademark infringement, the franchise System, or business concept; any issue where injunctive relief against Franchisee is an appropriate remedy; disputes solely involving the payment of money; or, any issues related to disclosure or misuse of Confidential Information or Trade Secrets.  Franchisee agreed that all such disputes or claims will be submitted to a state or federal court within the State of Florida and consented to venue and jurisdiction for the same.

21.     Plaintiffs presents claims herein against Defendants for trademark infringement, for unfair competition and attorney's fees and costs.

22.     Defendants are in breach of La Rosa's trademark rights in its '581 Trademark in several ways, including but not limited to, their use of a Corporate Registration for LA ROSA REALTY PUERTO RICO, PSC and Defendants intentional improper attempted

- 4 -

registration of a mark confusingly similar to the '581 Trademark of La Rosa.

23.     La Rosa  is the owner of the currently **registered** service mark, USPTO Registration #5,715,5813. *See* Exhibit "A".

24.     Post-termination of the instant Franchise Agreement by Defendants, Defendant Morales  applied for registration of a confusingly similar and competing service mark to that of Plaintiff La Rosa on August 17, 2021, in international class 036 (**Real Estate Services, etc.**) for the service mark "La Rosa Realty Puerto Rico, PSC".  *See*  Trademark Application of the Defendants attached hereto as Exhibit "B".

25.     The distinguishing characteristics of the La Rosa "System" under the Franchise Agreement includes the '581 Trademark "LA ROSA REALTY" and other trademarks and trade names, confidential operating procedures, confidential Operations Manual, standards and specifications for equipment, services and products, method of Internet usage, methods of service, management and marketing programs and sales techniques and strategies all of which are Franchisor's Confidential Information and are designated by and identified with the Marks described in the Franchise Agreement.   The Franchisee breached these standards and obligations giving rise to the instant claims.

26.     Under the Franchise Agreement, Franchisee agreed not use any Marks or portion of any Marks as part of Franchisee's corporate or trade name, or with any prefix, suffix or other modifying words, terms, designs or symbols, or in any modified form.  Any express or implied right of Franchisee to use the same, was clearly revoked at the time Franchisee breached the Franchise Agreement and/or it was terminated.

27.     Franchisee was obligated to transfer and assign to Franchisor all the property of Franchisee related to the business, including all of the Intellectual Property Rights that had

been created by the Defendants.

28.    Because La Rosa's '581 Trademark was registered federally, only La Rosa, as the mark's owner, has the right to use it excluding all others. The use by Defendants of this registered service mark or portions thereof without La Rosa's permission constitutes trademark infringement subject to the penalties stipulated by law, which include legal fees.

29.    Defendants applied for a service mark with the USPTO that is intentionally and confusingly similar to La Rosa's Mark.  This was done deliberately by Defendants, in the middle of the parties' post-termination settlement negotiations, as an unconscionable attempt to gain the upper hand by Defendant Morales and her company, Defendant LA ROSA REALTY PUERTO RICO, PSC.

30.    Defendants' USPTO Serial #90,887,485 ("Application '485"), corresponds to an **application** under "Intend to Use", with a logotype that includes the text LA ROSA REALTY PUERTO RICO PSC. *See* Exhibit "B".   Based on a current search of the USPTO database, this trademark application was refused, dismissed, or invalidated by the USPTO after multiple orders to Defendants and the entry of sanctions.

31.    Plaintiffs have satisfied all conditions precedent to bringing this action.

### V.   DEFENDANTS HAVE BEEN PURPOSEFULLY EVADING SERVICE OF PROCESS

32.    After filing the initial Compliant, the Plaintiffs have engaged in substantial activities to locate and serve process upon the Defendants both in this District and in Puerto Rico where the Defendants are also expected to be found.  *See*  Returns of Nonservice on Defendants attached as Exhibits "C" and "D".

33.    These efforts have included the use of process servers in both Florida and

Puerto Rico and multiple attempts to serve the Defendants.

34.     Prior to filing this action, the parties engaged in substantial and continuous discussions to avoid litigation.  Once the Complaint was filed, Defendants became unavailable through counsel or otherwise and have evaded service of process.   A request to the Defendants' counsel that represented them in negotiations prior to suit to accept service of process was denied.  A request for the same on the Defendants' purported Puerto Rico counsel for acceptance of service was also rejected.

35.     Defendant, LA ROSA REALTY PUERTO RICO, PSC has its registered agent listed as Defendant, ANA IVELISSE MORALES, at 131 LOS GATOS PL, KISSIMMEE, FL 34759.    Defendants have refused to make their Registered Agent available as required by Florida Statutes.  After diligent and multiple efforts to serve the Defendants at this and other locations, including Defendants' registered office in Puerto Rico, Plaintiffs have yet to serve the Defendants due to Defendants' evading service of process and concealing their whereabouts.  The Defendants appear now to be non-residents.

36.     After diligent search, process was delivered upon a person believed to be ANA IVELISSE MORALES who refused to identify herself.

37.     The Plaintiffs' Process Server in Puerto Rico went to the Defendants' office located in Puerto Rico and a person believed to be ANA IVELISSE MORALES  showed up for the meeting.  The Process Server delivered the Complaint and Summonses for the instant action to such person who "threw them back" saying "I am not Ana Morales". The Process Server took a picture of the person's license plate as she drove off but Plaintiffs have been unable to confirm that the person served was Anan Morales.

38.     Defendants are concealing their whereabouts and avoiding service of process

entitling the Plaintiffs to pursue and obtain substitute service of process on the Secretary of State for each of the Defendants.

## VI. CAUSES OF ACTION

### VII. COUNT ONE (Trademark Infringement Under 15 U.S.C. §§ 1114(a) La Rosa Realty against Both Defendants

40.     This is a claim for trademark infringement caused by Defendants' unauthorized use of the '581 Trademark and application for a mark confusingly similar to the mark of La Rosa and other conduct constituting trademark infringement.

41.     La Rosa has used the '581 Trademark in commerce to designate particular services.

42.     La Rosa's registering of a service-mark with the USPTO is considered to be evidence of its exclusive right to use the registered mark.

43.     Defendants have infringed La Rosa's registered mark by use of a reproduction or colorable imitation of the mark in order to sell or advertise goods or services and which is likely to cause confusion, or to cause mistake, or to deceive the consuming public.

44.     Defendants have engaged in unauthorized use of the '581 Trademark in commerce causing actionable confusion or a likelihood of confusion.

45.     There are generally two key considerations in any likelihood of confusion analysis: (1) the similarities between the compared marks and (2) the relatedness of the compared goods and/or services. *See* Opinion Letter of Mario S. Golab, AE, MBA, JD, MIP (IP law), USPTO Registered Patent Attorney attached hereto as Exhibit "E."

46.     When comparing marks, the proper test is not a side-by-side comparison of the marks, but instead whether the marks are sufficiently similar in terms of their commercial

impression such that consumers who encounter the marks would be likely to assume a connection between the parties. *Id.* at p. 6.

47.     The proper focus is on the recollection of the average purchaser, who retains a general rather than specific impression of trademarks. *Id.*

48.     The respective marks, LR LA ROSA REALTY and LA ROSA REALTY PUERTO RICO PSC, are highly similar in appearance, sound and meaning and consumers who encounter the marks would be likely to assume a connection between the instant parties. *Id.* at pp. 6-11.

49.     The only difference between the marks of La Rosa Realty and the Defendants is the aggregate geographic nominator and the logotype. *Id.*

50.     Consumers are generally more inclined to focus on the text prefix, or syllable in any trademark or service mark. *Id.*

51.     In this case, the marks share the same first three significant words, "LA ROSA REALTY". This fact contributes to the marks having the same commercial impression because consumers are more likely to focus on the words "LA ROSA REALTY" when viewing or hearing the marks. Here, the addition of "PUERTO RICO PSC" in Application '485 provides a geographic indication but does not obviate the overall similarity between the marks. *Id*.

52.     Consumers, when encountering the marks LR LA ROSA REALTY and LA ROSA REALTY PUERTO RICO are likely to be confused as to the source of the services at issue, particularly when the services are used for identical purposes. *Id.* at pp. 7-8. Indeed, the confusion is compounded by Defendant's actual prior franchise relationship with Plaintiff La Rosa Franchising.

53.    Defendants' addition of one or two words to their purported Mark does not change a mark's sound and meaning and does very little to change a mark's appearance leaving it virtually identical to the Mark of Plaintiff, La Rosa Realty, LLC .  There can be little doubt that the instant marks are practically identical and at a minimum confusingly similar. The word marks are phonetically identical and visually almost identical. *Id.*

54.    The Defendants knowingly and intentionally applied for and are using a mark that is confusingly similar to La Rosa Realty's registered mark.

55.    LR LA ROSA REALTY and LA ROSA REALTY PSC are highly similar in appearance, sound, meaning, and give the same commercial impression making them confusingly similar. *Id*.

56.    Significantly, Defendants' Mark was registered subsequent to termination of the Franchise Agreement and after the time Plaintiffs demanded a cessation of Defendants' breaches of the Franchise Agreement and trademark infringement and a turnover over Defendants' Puerto Rico corporate registration containing Plaintiffs' Mark as required by the Franchise Agreement.

57.    Plaintiff La Rosa 's, trademark registered under "Real Estate Services" and the Defendants' Trademark application under "Real Estate Brokerage Services" are identical or closely related because the wording in the description of goods and services is broad enough to overlap.  *Id.*

58.    These goods and services are commonly provided through the same channels of trade. *Id.*

59.    In this case, La Rosa's registration uses broad wording to describe "Real Estate Brokerage," which encompasses all services of the type described, including Defendants'

more narrow "Real Estate Services." Thus, Defendants' and La Rosa's services are legally identical and sufficiently related, are provided through the same trade channels, are used by the same classes of consumers in the same fields of use and are related for likelihood of confusion purposes. *Id.* at p. 9.

60.     The Parties' marks create the same commercial impression and the respective services are highly related. Therefore, consumers are likely to be confused and mistakenly believe that these services originate from a common source. *Id.*

61.     The '581 Trademark is exclusively the property of Plaintiff La Rosa Realty, LLC and any unauthorized use of it constitutes trademark infringement.    Defendants' application for and use of "LA ROSA REALTY PSC" constitutes trademark infringement by the Defendants.

62.     Defendants' use of the Marks is intended to cause, has caused and is likely to continue to cause confusion, mistake and deception among the general consuming public and the trade as to whether real estate brokerage and related real estate services marketed or promoted originate from, and/or are affiliated with, sponsored by, or endorsed by Plaintiff La Rosa Realty.

63.     Defendants have acted with knowledge of La Rosa Realty's superior ownership interests in and to the Mark and with the deliberate intention to unfairly benefit from the incalculable goodwill symbolized thereby.

64.     Defendants' acts constitute willful trademark infringement in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114.

65.     Upon information and belief, by their acts, Defendants have made and will make substantial profits and gains to which they are not entitled in law or at equity.

66.     Upon information and belief, Defendants intend to continue their infringing acts, and will continue to willfully infringe the Mark, unless restrained by this Court.

67.     As a direct and proximate cause of the aforementioned infringements, Plaintiff La Rosa has been harmed and suffered monetary damages in an amount not as yet determined and lacks an adequate remedy at law.

68.     The court may award reasonable attorney fees to the Plaintiff as the prevailing party pursuant to 15 U.S.C. Section 1117(a).

WHEREFORE, La Rosa demands judgment against Defendants for compensatory damages, Defendant's profits, actual damages, attorney's fees and costs, and for injunctive relief barring Defendants' violation of La Rosa's trademark rights.

## VIII.   COUNT TWO: Unfair Competition
## Plaintiffs against Both Defendants

69.     Plaintiffs hereby incorporate by reference the preceding paragraphs above as if fully set forth and realleged herein.

70.     The aforementioned acts of the Defendants constitute unfair competition.

71.     Plaintiffs state a claim under Federal law for unfair competition under the Lanham Act and a federal cause of action for the Plaintiffs exists for their damages caused by Defendants' use in commerce of words, terms, names, symbols or devices, and false designation of origin of the same which was likely to cause confusion, mistake or deception, or in commercial advertising or promotion, misrepresented the nature, characteristics, qualities or geographic origin of goods or services at issue between the parties.

72.     Upon information and belief, by their acts, Defendants have made and will continue to make substantial profits and gains to which they are not in law or at equity entitled

based upon their actions and in unfair competition with the Plaintiffs.

73.     Upon information and belief, Defendants intend to continue their willfully infringing acts and continue to engage in unfair competition, unless restrained by this Court.

74.     As a direct and proximate result of such unfair competition, Plaintiffs have suffered harm and suffered monetary damages in an amount not yet determined.

75.     Plaintiffs do not have an adequate remedy of law.

WHEREFORE, Plaintiffs demand judgment in their favor against Defendants for compensatory damages, actual damages, attorney's fees and costs of suit and for such other relief the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiffs Demand a jury trial of all matters so triable as a matter of right.

Respectfully submitted,

DATED this  4th day of March 2022

Vincent B. Lynch, Esq.
FL BAR# 0917801
vincent@elpglobal.com
Carlos J. Bonilla
FL BAR #0577818
carlos@elpglobal.com
ELP Global, PLLC
7901 Kingspointe Parkway, Suite 8
Orlando, Florida 32819
Attorney for Plaintiffs

By:     /s/ Vincent B. Lynch
        Vincent B. Lynch

- 13 -