

# GOLAB
# INTELLECTUAL PROPERTY

1413 Santa Cruz Ave ◆ Coral Gables ◆ Florida 33134 ◆ USA
☏ (305) 720-2080   🕸 www.golabip.com

September 22, 2021

Vincent B. Lynch, Esq.
ELP Global, PLLC
7901 Kingspointe Parkway, Suite 8
Orlando, Florida 32819

### LEGAL OPINION

This is my legal opinion regarding the rights to the mark LA ROSA REALTY ("Mark").

**GENERAL CONSIDERATIONS**

The word mark, used hereinafter, designates both trademarks and service marks. Trademarks represent products while service marks represent services.

Products and services are classified into separate lists according to an international classification adopted by the United States Patent and Trademark Office ("USPTO"). Only one trademark or service mark may be registered per international class.

In the United States of America ("USA"), trademark and service mark rights are obtained only by using the mark in commerce, as stipulated by statute.

A user of an unregistered mark acquires Common Law rights to the mark in the geographical area where the mark is used. Registration is not necessary in the USA to obtain Common Law rights.

A mark may be registered in a few states and at the federal level by applying to the USPTO. Federal registration is valid anywhere in the USA except where a state registration or the geographic area where a Common Law mark exist. Once a mark is registered federally only the mark owner has the right to use it excluding all others. Anybody using a registered mark without permission from the owner will be considered an infringer and be subject to penalties as stipulated by law, which includes legal fees incurred in enforcing a registered mark.

**SEARCH RESULTS**

a. **Dead Records**

A perfunctory search of the Mark in the USPTO's database, the single federal authority in the USA to register trademarks, resulted in four records matching the Mark. Of the four records, two were Dead records, meaning the marks were abandoned or expired, and two were Live records, meaning the marks match a registered mark or an application for a mark that has not yet resulted in a registration or an abandonment. *See Appendix 1*.

Dead records do not carry any rights nor affect a current mark registrant however they are important because their prosecution history may reveal information that may relate to a willful declaration or omission by an applicant.

The two Dead records revealed that the applicant/owner of both marks LA ROSA REALTY was La Rosa Realty, LLC, the same owner of the currently registered and Live Mark. One of the Dead marks, Serial #85,268,595, was applied on March 16, 2011 and registered with Registration #4,048.588, on November 1, 2011. The mark was cancelled by the USPTO on June 8, 2018 for failure to renew it. The second Dead mark was applied on July 17, 2018 and abandoned on May 6, 2019 for failure to answer an Examiner's objection.

**b. Live Records**

Live records explicitly reveal the identity of who has trademark rights on the Mark. Live records also have a prosecution history that reveals what the applicant declared to the USPTO, whether there were any USPTO's Examiner objections, and if so, what the applicant answered. Most importantly, the prosecution history reveals the date the application was filed, when the Mark was granted, the international class in which registration is sought, and whether or when the Mark was first placed in use in commerce as of the date of filling the application.

All applicant's declarations in a trademark application are under explicit warning that a signatory willful false statements and the like are punishable by fine or imprisonment, or both, under 18 U.S.C. § 1001, and that such willful false statements and the like may jeopardize the validity of the application or submission or any registration resulting therefrom.

Amongst other declarations the signatory declares that all statements made of his/her own knowledge are true and that all statements made on information and belief are believed to be true.

Attorneys filing a trademark application must do so after due diligence to the best of the signatory's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances, with the allegations and other factual contentions made having evidentiary support.

The applicant declares that he/she is the owner of the mark sought to be registered. To the best of the applicant's knowledge and belief, no other persons, except, if applicable, authorized users, members, and/or concurrent users, have the right to use the mark in commerce,

either in the identical form or in such near resemblance as to be likely, when used on or in connection with the goods/services, to cause confusion or mistake, or to deceive.

A trademark application may be filled with the USPTO even if the mark has not yet been used in commerce under the process "Intend to Use". The applicant declares that he/she has a bona fide intention, and is entitled, to use the mark in commerce on or in connection with the identified goods/services. An application under "Intend to Use" will only mature into a registration when the mark is used in commerce within a maximum statutory time of three years.

1. **Registration #5,715,581**

A review of the first Live record, Serial #88,161,630, corresponds to a registered mark, comprising a logotype that includes the text LR LA ROSA REALTY. La Rosa Realty, LLC, of Florida, through its Principal, Joe La Rosa, applied for registration on October 19, 2018 in international class 036 (Real Estate Brokerage), and was on January 15, 2019 was granted Registration #5,715,581 ("Registration '581). Applicant declared that the mark was in use in commerce as of August 1, 2016. *See Appendix 2*.

2. **Serial # 90,887,485**

A review of the second Live record, Serial #90,887,485 ("Application '485"), corresponds to an application under "Intend to Use", with a logotype different from Registration '581 but that includes the text LA ROSA REALTY PUERTO RICO PSC. Ms. Ana Ivelisse Morales, an individual, applied for registration on August 17, 2021 in international class 036 (Real Estate Services, etc.), and signed all the pertinent required declarations. The application has not yet been examined by the USPTO. *See Appendix 3*.

From the Application '485 of Ms. Morales, which includes the declarations discussed above, it can be deduced that the requested mark was not in use in commerce at least prior to August 17, 2021. Furthermore, since the mark was not used in commerce, there cannot be Common Law rights claimed prior to the filing date without at the same time declaring to having made false declarations to the USPTO.

**LEGAL ANALYSIS**

The USPTO has not posted the results of the examination of the Application '485, thus the following analysis is my opinion as to what would most likely happen to this application.

**REFUSAL UNDER SECTION 2(d) – LIKELIHOOD OF CONFUSION**

Registration of the Application '485 applied-for mark will be refused because of a likelihood of confusion with the mark in U.S. Registration No. 5,715,581. Trademark Act Section 2(d), 15 U.S.C. §1052(d); *see* TMEP §§1207.01 *et seq.*

Applicant's mark is **LA ROSA REALTY PUERTO RICO PSC** (in stylized form) for "Real Estate Services, and other services" in International Class 036.

Registrant's mark is **LR LA ROSA REALTY** (in a different stylized form) for "Real Estate Brokerage" in International Class 036.

==Trademark Act Section 2(d) bars registration of an applied-for mark that is so similar to a registered mark that it is likely consumers would be confused, mistaken, or deceived as to the commercial source of the goods and/or services of the parties. *See* 15 U.S.C. §1052(d).==

Likelihood of confusion is determined on a case-by-case basis by applying the factors set forth in *In re E. I. du Pont de Nemours & Co.*, 476 F.2d 1357, 1361, 177 USPQ 563, 567 (C.C.P.A. 1973) (called the "*du Pont* factors"). *In re i.am.symbolic, llc*, 866 F.3d 1315, 1322,

123 USPQ2d 1744, 1747 (Fed. Cir. 2017). Any evidence of record related to those factors need be considered; however, "not all of the *DuPont* factors are relevant or of similar weight in every case." *In re Guild Mortg. Co.*, 912 F.3d 1376, 1379, 129 USPQ2d 1160, 1162 (Fed. Cir. 2019) (quoting *In re Dixie Rests., Inc.*, 105 F.3d 1405, 1406, 41 USPQ2d 1531, 1533 (Fed. Cir. 1997)).

Although not all *du Pont* factors may be relevant, there are generally two key considerations in any likelihood of confusion analysis: (1) the similarities between the compared marks and (2) the relatedness of the compared goods and/or services. *See In re i.am.symbolic, llc*, 866 F.3d at 1322, 123 USPQ2d at 1747 (quoting *Herbko Int'l, Inc. v. Kappa Books, Inc.*, 308 F.3d 1156, 1164-65, 64 USPQ2d 1375, 1380 (Fed. Cir. 2002)); *Federated Foods, Inc. v. Fort Howard Paper Co.*, 544 F.2d 1098, 1103, 192 USPQ 24, 29 (C.C.P.A. 1976) ("The fundamental inquiry mandated by [Section] 2(d) goes to the cumulative effect of differences in the essential characteristics of the goods [or services] and differences in the marks."); TMEP §1207.01.

a. **SIMILARITY OF THE MARKS**

When comparing marks, "[t]he proper test is not a side-by-side comparison of the marks, but instead whether the marks are sufficiently similar in terms of their commercial impression such that [consumers] who encounter the marks would be likely to assume a connection between the parties." *Cai v. Diamond Hong, Inc.*, 901 F.3d 1367, 1373, 127 USPQ2d 1797, 1801 (Fed. Cir. 2018) (quoting *Coach Servs., Inc. v. Triumph Learning LLC*, 668 F.3d 1356, 1368, 101 USPQ2d 1713, 1721 (Fed. Cir. 2012)); TMEP §1207.01(b). The proper focus is on the recollection of the average purchaser, who retains a general rather than specific impression of trademarks. *In re Inn at St. John's, LLC*, 126 USPQ2d 1742, 1746 (TTAB 2018) (citing *In re St. Helena Hosp.*, 774 F.3d 747, 750-51, 113 USPQ2d 1082, 1085 (Fed. Cir. 2014); *Geigy Chem.*

*Corp. v. Atlas Chem. Indus., Inc.*, 438 F.2d 1005, 1007, 169 USPQ 39, 40 (C.C.P.A. 1971)), *aff'd per curiam*, 777 F. App'x 516, 2019 BL 343921 (Fed. Cir. 2019); TMEP §1207.01(b).

The respective marks, LR LA ROSA REALTY and LA ROSA REALTY PUERTO RICO PSC, are highly similar in appearance, sound and meaning. The only difference is the aggregate geographic nominator and the logotype.

Consumers are generally more inclined to focus on the text prefix, or syllable in any trademark or service mark. *See Palm Bay Imps., Inc. v. Veuve Clicquot Ponsardin Maison Fondee En 1772*, 396 F.3d 1369, 1372, 73 USPQ2d 1689, 1692 (Fed. Cir. 2005) (finding similarity between VEUVE ROYALE and two VEUVE CLICQUOT marks in part because "VEUVE . . . remains a 'prominent feature' as the first word in the mark and the first word to appear on the label"); *Century 21 Real Estate Corp. v. Century Life of Am.*, 970 F.2d 874, 876, 23 USPQ2d 1698, 1700 (Fed Cir. 1992) (finding similarity between CENTURY 21 and CENTURY LIFE OF AMERICA in part because "consumers must first notice th[e] identical lead word"); *see also In re Detroit Athletic Co.*, 903 F.3d 1297, 1303, 128 USPQ2d 1047, 1049 (Fed. Cir. 2018) (finding "the identity of the marks' two initial words is particularly significant because consumers typically notice those words first").

In this case, the marks share the same first three significant words, "LA ROSA REALTY". This fact contributes to the marks having the same commercial impression because consumers are more likely to focus on the words "LA ROSA REALTY" when viewing or hearing the marks.

Here, the addition of "PUERTO RICO PSC" in Application '485 provides a geographic indication but does not obviate the overall similarity between the marks. Consumers, when encountering the marks LR LA ROSA REALTY and LA ROSA REALTY PUERTO RICO

PSC, are likely to be confused as to the source of the services at issue, particularly when the services are used for identical purposes.

An additional one or two words do not change a mark's sound and meaning and does very little to change a mark's appearance. *See, e.g.*, *Seaguard Corp. v. Seaward Int'l, Inc.*, 223 USPQ 48, 51 (TTAB 1984) ("[T]he marks 'SEAGUARD' and 'SEA GUARD' are, in contemplation of law, identical [internal citation omitted]."); *In re Best W. Family Steak House, Inc.*, 222 USPQ 827, 827 (TTAB 1984) ("There can be little doubt that the marks [BEEFMASTER and BEEF MASTER] are practically identical"); *Stock Pot, Inc., v. Stockpot Rest., Inc.*, 220 USPQ 52, 52 (TTAB 1983), *aff'd* 737 F.2d 1576, 222 USPQ 665 (Fed. Cir. 1984) ("There is no question that the marks of the parties [STOCKPOT and STOCK POT] are confusingly similar. The word marks are phonetically identical and visually almost identical."). In this case, LR LA ROSA REALTY and LA ROSA REALTY PSC are highly similar in appearance, sound, meaning, and give the same commercial impression.

Accordingly, the marks are confusingly similar.

b.  **RELATEDNESS OF THE GOODS**

The applicant's "Real Estate Services; Real Estate Brokerage Services Specializing in Restaurants and Other Food Service Related Businesses, etc.," are identical or closely related to the registrant's "Real Estate Services" because the wording in the description of goods is broad enough to overlap.  Additionally, these goods are commonly provided through the same channels of trade.

Determining likelihood of confusion is based on the description of the goods and/or services stated in the application and registration at issue, not on extrinsic evidence of actual use. *See In re Detroit Athletic Co.*, 903 F.3d 1297, 1307, 128 USPQ2d 1047, 1052 (Fed. Cir. 2018)

(citing *In re i.am.symbolic, llc*, 866 F.3d 1315, 1325, 123 USPQ2d 1744, 1749 (Fed. Cir. 2017)). In this case, the registration uses broad wording to describe "Real Estate Brokerage," which presumably encompasses all services of the type described, including applicant's more narrow "Real Estate Services." *See, e.g.*, *In re Solid State Design Inc.*, 125 USPQ2d 1409, 1412-15 (TTAB 2018); *Sw. Mgmt., Inc. v. Ocinomled, Ltd.*, 115 USPQ2d 1007, 1025 (TTAB 2015).

Thus, applicant's and registrant's services are legally identical in part. *See, e.g.*, *In re i.am.symbolic, llc*, 127 USPQ2d 1627, 1629 (TTAB 2018) (citing *Tuxedo Monopoly, Inc. v. Gen. Mills Fun Grp., Inc.*, 648 F.2d 1335, 1336, 209 USPQ 986, 988 (C.C.P.A. 1981); *Inter IKEA Sys. B.V. v. Akea, LLC*, 110 USPQ2d 1734, 1745 (TTAB 2014); *Baseball Am. Inc. v. Powerplay Sports Ltd.*, 71 USPQ2d 1844, 1847 n.9 (TTAB 2004)).

Additionally, the goods of the parties have no restrictions as to nature, type, channels of trade, or classes of purchasers and are "presumed to travel in the same channels of trade to the same class of purchasers." *In re Viterra Inc.*, 671 F.3d 1358, 1362, 101 USPQ2d 1905, 1908 (Fed. Cir. 2012) (quoting *Hewlett-Packard Co. v. Packard Press, Inc.*, 281 F.3d 1261, 1268, 62 USPQ2d 1001, 1005 (Fed. Cir. 2002)). Thus, applicant's and registrant's services are related.

This evidence establishes that the relevant services are provided through the same trade channels and used by the same classes of consumers in the same fields of use. Thus, applicant's and registrant's services are considered related for likelihood of confusion purposes. *See, e.g.*, *In re Davey Prods. Pty Ltd.*, 92 USPQ2d 1198, 1202-04 (TTAB 2009); *In re Toshiba Med. Sys. Corp.*, 91 USPQ2d 1266, 1268-69, 1271-72 (TTAB 2009).

In summary, the applicant's and registrant's marks create the same commercial impression and the respective services are highly related.  Therefore, consumers are likely to be confused and mistakenly believe that these services originate from a common source.

**USE IN COMMERCE**

As discussed, a mark must be used in commerce to be registered. Evidence of use in commerce may vary and depend on the goods/services represented by the mark. In the case of real estate services, the offering for sale/rent of dwellings though a website could be an acceptable form of evidence of use of the service mark in commerce.

Applicant has a website https://sanjuan.larosarealtypuertorico.com where properties are offered for sale. *See Appendix 4.*

Applicant's website does not constitute evidence of use of the service mark in commerce for several reasons. The service mark requested must always be used exactly as apply for. If the mark is a mixed mark, has a logotype and text, it must be used as applied for, the logotype cannot be used separately from the text and vice versa. The text, if any, of the mark cannot be split or modified in any manner.

Applicant's website uses the text LA ROSA REALTY separated from the logotype and with various additions and modifications. On the top of the page it lists LA ROSA REALTY PUERTO RICO - SAN JUAN. On a blue strip immediately bellow it uses the text LA ROSA REALTY PUERTO RICO.

In the About section, Applicant uses LA ROSA REALTY PUERTO RICO - SAN JUAN and in the text it uses LA ROSA REALTY and LA ROSA. The plurality of forms, none conforming the application, renders the webpage useless as evidence of use of the service mark. The webpage indicates that it was Copyrighted in 2021 by Inside Real Estate, of which no research was conducted but it may be used in case of a trademark infringement case.

**CONCLUSION**

The Registration '581 is exclusively the property of la Rosa Realty, LLC and any unauthorized use of it constitutes trademark infringement.

Applicant does not have any Common Law rights to claim, thus the use of the mark, including the textual portion, constitutes trademark infringement.

Should my opinion elicit any inquiries I will be willing to respond or testify as required.

Cordially,

Mario S. Golab, AE, MBA, JD, MIP (IP law)
USPTO Registered Patent Attorney

## APPENDIX 1

## USPTO LISTING ON MARKS THAT INCLUDE LA ROSA REALTY

|   | Serial Number | Reg. Number | Word Mark | Check Status | Live/Dead |
|---|---|---|---|---|---|
| 1 | 90887485 |  | **LA ROSA REALTY** PUERTO RICO PSC | TSDR | LIVE |
| 2 | 88161630 | 5715581 | **LR LA ROSA REALTY** | TSDR | LIVE |
| 3 | 88040434 |  | **LA ROSA REALTY** | TSDR | DEAD |
| 4 | 85268595 | 4048588 | **LA ROSA REALTY** | TSDR | DEAD |

## DEAD MARKS

| Word Mark | LA ROSA REALTY |
|---|---|
| Goods and Services | (CANCELLED) IC 036. US 100 101 102. G & S: Real estate brokerage. FIRST USE: 20040901. FIRST USE IN COMMERCE: 20040901 |
| Mark Drawing Code | (3) DESIGN PLUS WORDS, LETTERS, AND/OR NUMBERS |
| Design Search Code | 07.01.04 - Detached house<br>07.01.06 - Other houses<br>26.03.02 - Ovals, plain single line; Plain single line ovals<br>26.17.01 - Bands, straight; Bars, straight; Lines, straight; Straight line(s), band(s) or bar(s)<br>26.17.06 - Bands, diagonal; Bars, diagonal; Diagonal line(s), band(s) or bar(s); Lines, diagonal |
| Serial Number | 85268595 |
| Filing Date | March 16, 2011 |
| Current Basis | 1A |
| Original Filing Basis | 1A |
| Published for Opposition | August 16, 2011 |
| Registration Number | 4048588 |
| Registration Date | November 1, 2011 |

| Owner | (REGISTRANT) La Rosa Realty LIMITED LIABILITY COMPANY FLORIDA Suite 100 1420 Celebration Blvd Celebration FLORIDA 34747 |
|---|---|
| Disclaimer | NO CLAIM IS MADE TO THE EXCLUSIVE RIGHT TO USE "REALTY" APART FROM THE MARK AS SHOWN |
| Description of Mark | Color is not claimed as a feature of the mark. The mark consists of the stylized underlined text "La Rosa Realty" on an oval containing a house. |
| Type of Mark | SERVICE MARK |
| Register | PRINCIPAL |
| Other Data | The name "LA ROSA" in the mark identifies JOSEPH LA ROSA, a living individual whose consent is of record. |
| Live/Dead Indicator | DEAD |
| Cancellation Date | June 8, 2018 |

| Word Mark | LA ROSA REALTY |
|---|---|
| Goods and Services | (ABANDONED) IC 036. US 100 101 102. G & S: Real estate brokerage. FIRST USE: 20040901. FIRST USE IN COMMERCE: 20040901 |
| Standard Characters Claimed | |
| Mark Drawing Code | (4) STANDARD CHARACTER MARK |
| Serial Number | 88040434 |
| Filing Date | July 17, 2018 |
| Current Basis | 1A |
| Original Filing Basis | 1A |
| Owner | (APPLICANT) LA ROSA REALTY, LLC LIMITED LIABILITY COMPANY FLORIDA joe@larosarealtycorp.com 1420 Celebration Boulevard, Suite 200 Celebration FLORIDA 34747 |

| Attorney of Record | Michele Diglio-Benkiran |
| --- | --- |
| Disclaimer | NO CLAIM IS MADE TO THE EXCLUSIVE RIGHT TO USE "REALTY" APART FROM THE MARK AS SHOWN |
| Type of Mark | SERVICE MARK |
| Register | PRINCIPAL |
| Live/Dead Indicator | DEAD |
| Abandonment Date | May 6, 2019 |

## APPENDIX 2

## LIVE MARKS

| Word Mark | LR LA ROSA REALTY |
|---|---|
| Translations | The English translation of "**La Rosa**" in the mark is "The Rose". |
| Goods and Services | IC 036. US 100 101 102. G & S: Real estate brokerage. FIRST USE: 20160801. FIRST USE IN COMMERCE: 20160801 |
| Mark Drawing Code | (3) DESIGN PLUS WORDS, LETTERS, AND/OR NUMBERS |
| Design Search Code | 26.01.21 - Circles that are totally or partially shaded. |
| Serial Number | 88161630 |
| Filing Date | October 19, 2018 |
| Current Basis | 1A |
| Original Filing Basis | 1A |
| Published for Opposition | January 15, 2019 |
| Registration Number | 5715581 |
| International Registration Number | 1483581 |
| Registration Date | April 2, 2019 |
| Owner | (REGISTRANT) La Rosa Realty, LLC LIMITED LIABILITY COMPANY FLORIDA 1420 Celebration Blvd, Suite 200 Celebration FLORIDA 34747 |
| Disclaimer | NO CLAIM IS MADE TO THE EXCLUSIVE RIGHT TO USE "REALTY" APART FROM THE MARK AS SHOWN |
| Description of Mark | Color is not claimed as a feature of the mark. The mark consists of circle with cursive "L" and "R" with the words "La Rosa Realty" below. |
| Type of Mark | SERVICE MARK |
| Register | PRINCIPAL |
| Live/Dead Indicator | LIVE |

# APPENDIX 3

# LIVE MARKS

| | |
|---|---|
| **Word Mark** | **LA ROSA REALTY** PUERTO RICO PSC |
| **Goods and Services** | IC 036. US 100 101 102. G & S: Real estate service, namely, rental property management; Real estate services in the form of providing physical access to available properties via a remote call-in locking device; Real estate services to stop foreclosure, namely, mortgage debt management; Real estate services, namely, ad valorem appraisals; Real estate services, namely, condominium management services; Real estate services, namely, leasing and management for others of residential condominiums located within hotel developments; Real estate services, namely, leasing of individual salon suites and studios for licensed salon professionals; Real estate services, namely, mass appraisals; Real estate services, namely, property management services for condominium associations, homeowner associations and apartment buildings; Real estate services, namely, providing online questions to help users determine the best neighborhoods and communities suited to their individual needs and preferences; Real estate services, namely, rental of short-term furnished apartments; Real estate services, namely, rental of vacation homes; Real estate services, namely, rental of vacation homes, condominiums, cabins, and villas using pay per click advertising on a global computer network; Real estate services, namely, rental, brokerage, leasing and management of commercial property, offices and office space; Real estate services, namely, tax appraisals; Real estate services, namely, vacation home rental management services; Real estate acquisition services; Real estate agency services; Real estate brokerage services specializing in restaurants and other food service related businesses; Real estate escrow services; Real estate financing services; Real estate funds investment services; Real estate insurance underwriting services; Real estate investment services; Real estate investment trust services; Real estate investment trust advisory services; Real estate investment trust management services; Real estate lending services; Real estate listing services for housing rentals and apartment rentals; Real estate management services; Real estate management services relating to shopping centers; Real estate multiple listing services; Real estate rental services, namely, rental of residential housing; Real estate title insurance underwriting services; Real estate trustee services; Real estate valuation services; Commercial and residential real estate agency services; Financial services, namely, real estate note brokerage; Financial due diligence services in the field of real estate; Membership club services, namely, providing information to members in the fields of real estate, mortgages and debt elimination; Mortgage foreclosure mitigation and loan default mitigation services, namely, acquisition and lease-back of real estate; Residential real estate agency services; Vacation real estate time share exchange services; Vacation real estate timeshare services |
| **Mark Drawing** | (0) UNKNOWN |

| | |
|---|---|
| **Code** | |
| **Serial Number** | 90887485 |
| **Filing Date** | August 17, 2021 |
| **Current Basis** | 1B |
| **Original Filing Basis** | 1B |
| **Owner** | (APPLICANT) Morales, Ana Ivelisse DBA La Rosa Realty Puerto Rico, PSC CORPORATION PUERTO RICO P.O. Box 361390, San Juan, PR 00936 San Juan PUERTO RICO 00918 |
| **Description of Mark** | The mark consists of 1. Name of Legal Entity, Symbol, figure, illustration, that denotes Puerto Rico Real Estate Business 2. Color : Blue & White maybe red 3. No houses, no buildings, no palms, no island map, no photos. Timeless 4. Inspirational, memorable Logo easy to identify 5. Attention and easy to recall 6. Right Font and Size 7. Graphic Touches. |
| **Type of Mark** | SERVICE MARK |
| **Register** | PRINCIPAL |
| **Live/Dead Indicator** | LIVE |

**APPENDIX 4**

Home page of https://sanjuan.larosarealtypuertorico.com/

