IN THE UNITED STATES DISTRICT COURT FOR THE

MIDDLE DISTRICT OF FLORIDA

LA ROSA FRANCHISING, LLC and        CASE NO: 6:21-CV-1660-ACC

LA ROSA REALTY, LLC,

Plaintiffs,

v.

ANA IVELISSE MORALES and

LA ROSA REALTY PUERTO RICO, PSC

Defendants.

_____/

**PLAINTIFFS' MOTION FOR APPROVAL OF ALTERNATIVE SERVICE
WITH INCORPORATED MEMORANDUM OF LAW**

Plaintiffs, by and through undersigned counsel, respectfully file this Motion for Approval of Alternative Service with Incorporated Memorandum of Law. In support of this Motion, Plaintiffs refer the Court to the following Memorandum of Law.

**MEMORANDUM OF LAW**

**I.    Introduction and Factual Background**

The particularities and necessities of this case require alternate service of process. This is an action for trademark infringement and unfair competition against Defendants, Ana Ivelisse Morales, and La Rosa Realty Puerto Rico, PSC ("LRRPR"), separately and jointly as Defendants, for infringement of Plaintiff, La Rosa Realty, LLC's rights over its trademark with the United States Patent and Trademark Office (hereinafter "USPTO")

registration #5,715,581, registered on April 2, 2019, with a first use in commerce on August 1, 2016, in international class 036, Real Estate Brokerage.

Plaintiffs submitted the Complaint and summonses to the process server for service of process upon the Defendants. After diligent search, inquiry and efforts, personal service of process could not be made on the Defendants individually or on the Registered Agent of the corporate Defendant.

Accordingly, alternative service was contemplated and sought to accomplish service on the Defendants. In connection therewith, a diligent search and inquiry to discover the current residence of each of the Defendants for purposes of determining that Defendants are non-residents of the State of Florida or are concealing their whereabouts and thereby subject to substitute service of process was made. Pursuant to Sections 48.161 and 48.181 of the Florida Statutes, the Florida Secretary of State/Division of Corporations is authorized to accept service of process on behalf of the Defendants.

As a result of the required search and inquiry, it was determined that Defendant, Ana Ivelisse Morales, as officer and agent of the corporate Defendant for service of process listed her address as 131 Los Gatos Place, Kissimmee, Florida 34759. Defendant, La Rosa Realty Puerto Rico, PSC a registered Florida corporation located in Orlando, Florida, designated with the Florida Secretary of State its business address and the address of its registered agent as 131 Los Gatos Place, Kissimmee, Florida 34759 and whose officer and agent for service of process is Defendant, Ana Ivelisse Morales.

Diligent searches for the Defendants were also made on social media, court filings and other searches and they cannot be located within the State of Florida. Plaintiffs believe that the Defendants were residents of the State of Florida, engaged in the business that

forms the basis of this action and are now no longer residents of the State of Florida or are residents of the State of Florida and are concealing their whereabouts.

Plaintiffs then sought alternative service with the Secretary of State. On or about April 26, 2022, the Secretary of State of the State of Florida accepted service of process on each of the Defendants. Proof of such service was filed with the Court. As required by F.S. 48.161, 48.081 and 48.19. a copy of the Secretary of State's acceptance of the Complaint and summons was sent by registered or certified mail to each of the Defendants including the Complaint and Summons for each Defendant. See the attached Proof of Mailing at Exhibit "A".

The Defendants continue to evade service of process and are violating Florida statutes that require the actual availability of the Defendants for service of process. None of the Defendants can be found.

## II.     **Plaintiffs Request Approval of Alternative Service**

As respectfully reminded by the Court, the procedure for serving an individual within a judicial district of the United States is set forth in Federal Rule of Civil Procedure 4(e). Rule 4(e)(1) states that service on an individual may occur by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Fed. R. Civ. P. 4(e)(1). Utilization of state law alternative service methods is not automatically appropriate and should be approved by motion. This court has discretion to determine what alternative means of service is appropriate in a particular case and it is in the sound discretion of the district court whether the particularities and necessities of a given case require alternate service of process.

Under Florida law, there exists a recognized basis for alternative service on the Florida Secretary of State under certain circumstances. Those circumstances exist and were satisfied here. Plaintiffs followed this procedure and submitted the proper papers to the Secretary of State which were accepted on behalf of each Defendant.

Florida Statute Section 48.161 (the substituted service statute), states in part:

> When authorized by law, substituted service of process on . . . a person who conceals his or her whereabouts by serving a public officer designated by law shall be made by leaving a copy of the process with a fee of $8.75 with the public officer or in his or her office or by mailing the copies by certified mail to the public officer with the fee. The service is sufficient service on a defendant who has appointed a public officer as his or her agent for the service of process. Notice of service and a copy of the process shall be sent forthwith by registered or certified mail by the plaintiff or his or her attorney to the defendant, and the defendant's return receipt and the affidavit of the plaintiff or his or her attorney of compliance shall be filed on or before the return day of the process or within such time as the court allows.

In order to justify the use of substituted service, "The test . . . is not whether it was in fact possible to effect personal service in a given case, but whether the [plaintiff] reasonably employed knowledge at [her] command, made diligent inquiry, and exerted an honest and conscientious effort appropriate to the circumstances, to acquire information necessary to enable [her] to effect personal service on the defendant." *Delancy v. Tobias*, 26 So. 3d. 77, 78 (Fla. 3d DCA 2010). Plaintiffs carefully met this standard.

A number of courts have boiled down the technical requirements for substituted service as follows: "(1) the plaintiff must send notice of service and a copy of the process by registered or certified mail to the defendant; (2) the plaintiff must file the defendant's return receipt; and (3) the plaintiff must file an affidavit of compliance." See, e.g., Smith v. Leaman, 826 So. 2d 1077, 1078 (Fla. 2nd DCA 2002). "Because the lack of personal

service of process implicates due process concerns, the plaintiff must strictly comply with the statutory requirements." *Id*. The burden of proof to sustain the validity of substituted service of process rests upon the person seeking to invoke the provisions of Section 48.161. *Elmex Corp. v. Atlantic Fed. Sav. Loan Assoc.*, 325 So. 2d 58, 61 (Fla. 4th DCA 1976). One seeking to effect substituted service must present "facts which clearly justify the applicability of the statute." *ABCTC v. Morejon*, 324 So. 2d 625, 627 (Fla. 1975).

Plaintiffs satisfied this standard and filed an Affidavit of Compliance with the Court. Plaintiffs sent notice of service and a copy of the process by registered or certified mail to the defendants. Plaintiffs could not file the defendant's return receipt because the Defendants failed to sign the same and continue to conceal there whereabouts. Defendants are actively refusing or rejecting the substituted service of process. *Jennings v. Montenegro,* 792 So. 2d 1258, 1261 (Fla. 4th DCA 2001),

It is worth noting that the Defendants, in their corporate capacity and individually as officers of the entity Defendant, blatantly violated the rules governing registered agents and registered offices of the LLC Defendants. In Florida, domestic corporations and foreign corporations qualified to do business in the state are required to designate a registered agent and a registered office. §§ 48.091, 607.0501, 607.1507, Fla. Stat. Pursuant to Section 607.0501 of the Florida statutes, Defendants must designate and continuously maintain a registered office in the State of Florida and a registered agent. Defendants breached these obligations.

Pursuant to Section 48.091 of the Florida Statutes, Defendants must keep the registered office open from 10 a.m. to 12 noon each day except Saturdays, Sundays, and legal holidays, and shall keep one or more registered agents on whom process may be

served at the office during these hours. Defendants breached this obligation. The corporations shall also keep a sign posted in the office in some conspicuous place designating the name of the corporation and the name of its registered agent on whom process may be served. Section 607.501 states in relevant part that:

**607.0501 Registered office and registered agent.—**

(1) Each corporation shall have and continuously maintain in this state:
(a) A registered office which may be the same as its place of business; and
(b) A registered agent, who may be either:
1. An individual who resides in this state whose business office is identical with such registered office;
(3) A registered agent appointed pursuant to this section or a successor registered agent appointed pursuant to s. 607.0502 on whom process may be served shall each file a statement in writing with the Department of State, in such form and manner as shall be prescribed by the department, accepting the appointment as a registered agent simultaneously with his or her being designated. Such statement of acceptance shall state that the registered agent is familiar with, and accepts, the obligations of that position**.**

Each of the Defendants are in violation of each of the above referenced statutes. In Florida, domestic corporations and foreign corporations qualified to do business in the state are required to designate a registered agent and a registered office. §§ 48.091, 607.0501, 607.1507, Fla. Stat. (2008). Pursuant to Section 607.0501 of the Florida statutes, they must designate and continuously maintain a registered office in the State of Florida and a registered agent.

Pursuant to Section 48.091 of the Florida Statutes, Defendants **must keep the registered office open from 10 a.m. to 12 noon each day except Saturdays, Sundays, and legal holidays, and shall keep one or more registered agents on whom process may be served at the office during these hours.**

A defendant who "beclouds his whereabouts should not be entitled to benefit from the process server's consequent confusion." *National Labor Relations Bd. v. Clark*, 468 F. 2d 459, 464 (5th Cir. 1972). Furthermore, "The rules governing service of process are not designed to create an obstacle course for Plaintiffs to navigate, or a cat-and-mouse game for defendants who are otherwise subject to the court's jurisdiction." *Verizon Trademark Services, LLC v. Producers, Inc.*, Case No. 8:10-cv-665-T-33EAJ, 9-10 (M.D. Fla. Aug. 2, 2011). Alternate service is necessary where a defendant has concealed his whereabouts and is evading services, making it impossible to effect personal service despite Plaintiff's diligent efforts. *Hernandez v. State Farm Mut. Auto. Ins. Co.,* 32 So. 3d 695, 698 (Fla. Dist. Ct. App. 2010).

**Conclusion**

Based on the foregoing, Plaintiffs, respectfully request that the Court grant the instant Motion and approve the alternative service of process on the Defendants as filed and accepted by the Florida Secretary of State.

Respectfully submitted this 18th day of May 2022.

**ELP Global, PLLC**

Vincent B. Lynch
Florida Bar No. 0917801
7901 Kingspointe Parkway, Suite 8
Orlando, Florida 32819
Phone: (813) 727-4490
Email: v.lynch@elpglobal.com

Carlos J. Bonilla
FL BAR #0577818
carlos@elpglobal.com
ELP Global, PLLC
7901 Kingspointe Parkway, Suite 8
Orlando, Florida 32819
*Attorneys for Plaintiffs*

CERTIFICATE OF SERVICE

The foregoing was served registered mail to the last known address of each Defendant on May 18, 2022.