

## FLORIDA DEPARTMENT OF STATE
### Division of Corporations

April 26, 2022

VINCENT B. LYNCH, ESQ
7901 KINGSPOINTE PARKWAY
SUITE 8
ORLANDO, FL  32819

Pursuant to Chapter 48.062  or 605.0117, Florida Statutes, a copy of the process and initial pleading, case number 21CV1660, was accepted for LA ROSA REALTY PUERTO RICO, PSC, and was filed on April 15, 2022, at 04:00 PM.

Plaintiff(s)

 LA ROSA FRANCHISING, LLC AND LA ROSA REALTY, LLC,

-vs-

Defendant(s)

 LA ROSA REALTY PUERTO RICO, PSC,

THE SECRETARY OF STATE DOES NOT FORWARD DOCUMENTATION TO THE DEFENDANT.

All inquiries on behalf of the defendant should be made to the attorneys involved.Bradley J Beech
Processor of Service
DIVISION OF CORPORATIONS

Letter No. 722A00009712

Division of Corporations - P.O. BOX 6327 -Tallahassee, Florida 32314

AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Middle District of Florida

| | | |
|---|---|---|
| LA ROSA FRANCHISING, LLC and LA ROSA REALTY,  LLC, | ) ) ) ) | |
| *Plaintiff(s)* | ) ) | |
| v. | ) ) | Civil Action No.  6:21-cv1660-ACC-DCI |
| ANA IVELISSE MORALES and LA ROSA REALTY PUERTO RICO, PSC | ) ) ) | |
| *Defendant(s)* | ) ) | |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*

LA ROSA REALTY PUERTO RICO, PSC
Registered Agent, Ana Ivelisse Morales
c/o Secretary of State
P.O. Box 6327
Tallahassee, FL 32314

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

Vincent B. Lynch, Esq.
ELP Global, PLLC
7901 Kingspointe Parkway, Ste 8
Orlando, Florida 32819
carlos@elpglobal.com

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

*Richard Olsen*

Date:   **Apr 04, 2022**

*Signature of Clerk*

AO 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by <u>Fed. R. Civ. P. 4</u> (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

□ I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

□ I left the summons at the individual's residence or usual place of abode with *(name)*

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

□ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____ ; or

□ I returned the summons unexecuted because _____ ; or

□ Other *(specify):*



My fees are $ _____ for travel and $ _____ for services, for a total of $     0     .

I declare under penalty of perjury that this information is true.


Date: _____                    _____

                                          *Server's signature*

                                          _____

                                          *Printed name and title*

                                          _____

                                          *Server's address*

Additional information regarding attempted service, etc:

## IN THE UNITED STATES DISTRICT COURT FOR THE
## MIDDLE DISTRICT OF FLORIDA

LA ROSA FRANCHISING, LLC and
LA ROSA REALTY, LLC,

                              CASE NO:6:21-CV-1660-ACC

        Plaintiffs,

v.

ANA IVELISSE MORALES and
LA ROSA REALTY PUERTO RICO, PSC

        Defendants.

_____/

## AMENDED COMPLAINT

## I. INTRODUCTION

1.     This is an action for trademark infringement and unfair competition against Defendants, Ana Ivelisse Morales (hereinafter "Morales"), and La Rosa Realty Puerto Rico, PSC ("LRRPR"), separately and jointly as Defendants, for infringement of Plaintiff, La Rosa Realty, LLC's (hereinafter "La Rosa") rights over its trademark with the United States Patent and Trademark Office (hereinafter "USPTO") registration #5,715,581, registered on April 2, 2019, with a first use in commerce on August 1, 2016, in international class 036, Real Estate Brokerage, stylized (hereinafter " '581 Trademark"). A true and correct copy of the '581 Trademark's USPTO registration certificate is attached hereto as Exhibit "A".

2.     The claims among and between the parties arise out of the same or substantially related series of transactions and the parties included in this action are necessary and indispensable parties to this matter pursuant to Rule 19 of the Federal Rules of Civil Procedure.

- 1 -

## II.  THE PARTIES, JURISDICTION AND VENUE

3.      Plaintiff, La Rosa Realty, LLC, is a Florida limited liability company with its principal place of business located at 1420 Celebration Blvd, Suite 200, Celebration, Osceola County, Florida, Postal Code 34747, that resides for all purposes within the Middle District Court of Florida and is the owner of the USPTO registered '581 Trademark.

4.      Plaintiff, La Rosa Franchising, LLC, ("La Rosa Franchising" or "Franchisor") is a Florida limited liability company with its principal place of business located at 1420 Celebration Blvd, Suite 200, Celebration, Osceola County, Florida, Postal Code 34747, that resides for all purposes within the Middle District Court of Florida.

5.      Defendant, Ana Ivelisse Morales ("Morales"), is a resident of the State of Florida and resides for all purposes related to this action within the Middle District Court of Florida.

6.      La Rosa Realty Puerto Rico, PSC ("Franchisee") is a professional corporation of Puerto Rico with its alleged principal place of business located at 500 Av. Luis Muñoz Rivera San Juan , Puerto Rico, Postal Code 00918, and it is owned and operated by Defendant Morales and is a party to the Franchisee Agreement subscribed between Franchisor and Franchisee on December 3, 2019 (hereinafter "Franchise Agreement"). Morales is the Registered Agent of the Franchisee.

7.      This Court has federal jurisdiction over this action pursuant to 28 U.S.C. § 1331 because it presents a federal question.  La Rosa asserts a claim for trademark infringement against the Defendants pursuant to 15 U.S.C. Section 1125(a) and 15 U.S.C. § 1114(1).

8.     Venue is proper in this Court under 28 U.S.C. § 1391 because Morales is domiciled and resides in this District, a substantial part of the events or omissions giving rise to the claims occurred in this District, and a substantial part of the property that is the subject of the action, including the '581 Trademark, is situated in this District.

9.     Venue is also proper in this District pursuant to the venue and forum selection clauses contained in the Franchise Agreement between the Franchisor and Franchisee.

10.     Pursuant to the Franchise Agreement, any dispute which involves Franchisee's or Franchisor's continued usage of any of the "Marks" will be submitted to a state or federal court within the State of Florida. The parties to the Franchise Agreement expressly consented to personal jurisdiction in the State of Florida and agreed that its courts will have exclusive jurisdiction over these issues and the instant claims.

11.     General and specific personal jurisdiction exists over the Defendants.

12.     Defendant, Morales, is a resident of the State of Florida and engaged in numerous activities within the State both individually and on behalf of the Franchisee that gave rise to the claims asserted in this Complaint.

13.     Venue and personal jurisdiction exist over the Franchisee as stipulated to in the Franchise Agreement.

14.     Specific personal jurisdiction exists over both Defendants because the causes of action arise out of the Defendants' contacts with the forum.

15.     Each Defendant purposely availed themselves of the benefits of the forum state generally and as they relate to the transactions between the parties.   The Plaintiffs' claims against the Defendants arise from such contacts and the exercise of jurisdiction comports with traditional notions of fair play and substantial justice and is reasonable.

16.     The Franchisee's Members and Owners are domiciled in Florida and they engaged in activities on behalf of the Franchisee in Florida that gave rise to the causes of action alleged in the Complaint.  Morales is a licensed Realtor in Florida and markets real property in Florida.

17.     The Franchisee also directed its activities as they relate to Plaintiffs from Florida.  Florida is a surrogate for the place of incorporation of Franchisee.

18.     General personal jurisdiction exists over both Defendants because the Defendants' contacts with the forum are continuous and systematic.

### III.  <u>GENERAL  FACTUAL  ALLEGATIONS</u>

19.     On or about December 3, 2019, the parties entered into the Franchise Agreement for the operation of a La Rosa Realty franchise in San Juan, Puerto Rico.

20.     The Agreement contains an Arbitration provision that specifically <u>excludes</u> claims related to trademark infringement, the franchise System, or business concept; any issue where injunctive relief against Franchisee is an appropriate remedy; disputes solely involving the payment of money; or, any issues related to disclosure or misuse of Confidential Information or Trade Secrets.  Franchisee agreed that all such disputes or claims will be submitted to a state or federal court within the State of Florida and consented to venue and jurisdiction for the same.

21.     Plaintiffs presents claims herein against Defendants for trademark infringement, for unfair competition and attorney's fees and costs.

22.     Defendants are in breach of La Rosa's trademark rights in its '581 Trademark in several ways, including but not limited to, their use of a Corporate Registration for LA ROSA REALTY PUERTO RICO, PSC and Defendants intentional improper attempted

registration of a mark confusingly similar to the '581 Trademark of La Rosa.

23. La Rosa is the owner of the currently **registered** service mark, USPTO Registration #5,715,5813. *See* Exhibit "A".

24. Post-termination of the instant Franchise Agreement by Defendants, Defendant Morales applied for registration of a confusingly similar and competing service mark to that of Plaintiff La Rosa on August 17, 2021, in international class 036 (**Real Estate Services, etc.**) for the service mark "La Rosa Realty Puerto Rico, PSC". *See* Trademark Application of the Defendants attached hereto as Exhibit "B".

25. The distinguishing characteristics of the La Rosa "System" under the Franchise Agreement includes the '581 Trademark "LA ROSA REALTY" and other trademarks and trade names, confidential operating procedures, confidential Operations Manual, standards and specifications for equipment, services and products, method of Internet usage, methods of service, management and marketing programs and sales techniques and strategies all of which are Franchisor's Confidential Information and are designated by and identified with the Marks described in the Franchise Agreement. The Franchisee breached these standards and obligations giving rise to the instant claims.

26. Under the Franchise Agreement, Franchisee agreed not use <u>any</u> Marks or portion of any Marks as part of Franchisee's corporate or trade name, or with any prefix, suffix or other modifying words, terms, designs or symbols, or in any modified form. Any express or implied right of Franchisee to use the same, was clearly revoked at the time Franchisee breached the Franchise Agreement and/or it was terminated.

27. Franchisee was obligated to transfer and assign to Franchisor all the property of Franchisee related to the business, including all of the Intellectual Property Rights that had

been created by the Defendants.

28.     Because La Rosa's '581 Trademark was registered federally, only La Rosa, as the mark's owner, has the right to use it excluding all others. The use by Defendants of this registered service mark or portions thereof without La Rosa's permission constitutes trademark infringement subject to the penalties stipulated by law, which include legal fees.

29.     Defendants applied for a service mark with the USPTO that is intentionally and confusingly similar to La Rosa's Mark.  This was done deliberately by Defendants, in the middle of the parties' post-termination settlement negotiations, as an unconscionable attempt to gain the upper hand by Defendant Morales and her company, Defendant LA ROSA REALTY PUERTO RICO, PSC.

30.     Defendants' USPTO Serial #90,887,485 ("Application '485"), corresponds to an **application** under "Intend to Use", with a logotype that includes the text LA ROSA REALTY PUERTO RICO PSC. *See* Exhibit "B".  Based on a current search of the USPTO database, this trademark application was refused, dismissed, or invalidated by the USPTO after multiple orders to Defendants and the entry of sanctions.

31.     Plaintiffs have satisfied all conditions precedent to bringing this action.

## V.  DEFENDANTS HAVE BEEN PURPOSEFULLY EVADING SERVICE OF PROCESS

32.     After filing the initial Compliant, the Plaintiffs have engaged in substantial activities to locate and serve process upon the Defendants both in this District and in Puerto Rico where the Defendants are also expected to be found.   *See*  Returns of Nonservice on Defendants attached as Exhibits "C" and "D".

33.     These efforts have included the use of process servers in both Florida and

Puerto Rico and multiple attempts to serve the Defendants.

34.     Prior to filing this action, the parties engaged in substantial and continuous discussions to avoid litigation. Once the Complaint was filed, Defendants became unavailable through counsel or otherwise and have evaded service of process. A request to the Defendants' counsel that represented them in negotiations prior to suit to accept service of process was denied. A request for the same on the Defendants' purported Puerto Rico counsel for acceptance of service was also rejected.

35.     Defendant, LA ROSA REALTY PUERTO RICO, PSC has its registered agent listed as Defendant, ANA IVELISSE MORALES, at 131 LOS GATOS PL, KISSIMMEE, FL 34759. Defendants have refused to make their Registered Agent available as required by Florida Statutes. After diligent and multiple efforts to serve the Defendants at this and other locations, including Defendants' registered office in Puerto Rico, Plaintiffs have yet to serve the Defendants due to Defendants' evading service of process and concealing their whereabouts. The Defendants appear now to be non-residents.

36.     After diligent search, process was delivered upon a person believed to be ANA IVELISSE MORALES who refused to identify herself.

37.     The Plaintiffs' Process Server in Puerto Rico went to the Defendants' office located in Puerto Rico and a person believed to be ANA IVELISSE MORALES showed up for the meeting. The Process Server delivered the Complaint and Summonses for the instant action to such person who "threw them back" saying "I am not Ana Morales". The Process Server took a picture of the person's license plate as she drove off but Plaintiffs have been unable to confirm that the person served was Anan Morales.

38.     Defendants are concealing their whereabouts and avoiding service of process

entitling the Plaintiffs to pursue and obtain substitute service of process on the Secretary of State for each of the Defendants.

## VI. <u>CAUSES OF ACTION</u>

### VII.   <u>COUNT ONE (Trademark Infringement Under 15 U.S.C. §§ 1114(a)<br>La Rosa Realty against Both Defendants</u>

40.     This is a claim for trademark infringement caused by Defendants' unauthorized use of the '581 Trademark and application for a mark confusingly similar to the mark of La Rosa and other conduct constituting trademark infringement.

41.     La Rosa has used the '581 Trademark in commerce to designate particular services.

42.     La Rosa's registering of a service-mark with the USPTO is considered to be evidence of its exclusive right to use the registered mark.

43.     Defendants have infringed La Rosa's registered mark by use of a reproduction or colorable imitation of the mark in order to sell or advertise goods or services and which is likely to cause confusion, or to cause mistake, or to deceive the consuming public.

44.     Defendants have engaged in unauthorized use of the '581 Trademark in commerce causing actionable confusion or a likelihood of confusion.

45.     There are generally two key considerations in any likelihood of confusion analysis: (1) the similarities between the compared marks and (2) the relatedness of the compared goods and/or services.  *See* Opinion Letter of Mario S. Golab, AE, MBA, JD, MIP (IP law), USPTO Registered Patent Attorney attached hereto as Exhibit "E."

46.     When comparing marks, the proper test is not a side-by-side comparison of the marks, but instead whether the marks are sufficiently similar in terms of their commercial

impression such that consumers who encounter the marks would be likely to assume a connection between the parties. *Id.* at p. 6.

47.     The proper focus is on the recollection of the average purchaser, who retains a general rather than specific impression of trademarks. *Id.*

48.     The respective marks, LR LA ROSA REALTY and LA ROSA REALTY PUERTO RICO PSC, are highly similar in appearance, sound and meaning and consumers who encounter the marks would be likely to assume a connection between the instant parties. *Id.* at pp. 6-11.

49.     The only difference between the marks of La Rosa Realty and the Defendants is the aggregate geographic nominator and the logotype. *Id.*

50.     Consumers are generally more inclined to focus on the text prefix, or syllable in any trademark or service mark. *Id.*

51.     In this case, the marks share the same first three significant words, "LA ROSA REALTY". This fact contributes to the marks having the same commercial impression because consumers are more likely to focus on the words "LA ROSA REALTY" when viewing or hearing the marks. Here, the addition of "PUERTO RICO PSC" in Application '485 provides a geographic indication but does not obviate the overall similarity between the marks. *Id.*

52.     Consumers, when encountering the marks LR LA ROSA REALTY and LA ROSA REALTY PUERTO RICO are likely to be confused as to the source of the services at issue, particularly when the services are used for identical purposes. *Id.* at pp. 7-8. Indeed, the confusion is compounded by Defendant's actual prior franchise relationship with Plaintiff La Rosa Franchising.

53.     Defendants' addition of one or two words to their purported Mark does not change a mark's sound and meaning and does very little to change a mark's appearance leaving it virtually identical to the Mark of Plaintiff, La Rosa Realty, LLC . There can be little doubt that the instant marks are practically identical and at a minimum confusingly similar. The word marks are phonetically identical and visually almost identical. *Id.*

54.     The Defendants knowingly and intentionally applied for and are using a mark that is confusingly similar to La Rosa Realty's registered mark.

55.     LR LA ROSA REALTY and LA ROSA REALTY PSC are highly similar in appearance, sound, meaning, and give the same commercial impression making them confusingly similar. *Id.*

56.     Significantly, Defendants' Mark was registered subsequent to termination of the Franchise Agreement and after the time Plaintiffs demanded a cessation of Defendants' breaches of the Franchise Agreement and trademark infringement and a turnover over Defendants' Puerto Rico corporate registration containing Plaintiffs' Mark as required by the Franchise Agreement.

57.     Plaintiff La Rosa 's, trademark registered under "Real Estate Services" and the Defendants' Trademark application under "Real Estate Brokerage Services" are identical or closely related because the wording in the description of goods and services is broad enough to overlap. *Id.*

58.     These goods and services are commonly provided through the same channels of trade. *Id.*

59.     In this case, La Rosa's registration uses broad wording to describe "Real Estate Brokerage," which encompasses all services of the type described, including Defendants'

more narrow "Real Estate Services." Thus, Defendants' and La Rosa's services are legally identical and sufficiently related, are provided through the same trade channels, are used by the same classes of consumers in the same fields of use and are related for likelihood of confusion purposes. *Id.* at p. 9.

60.    The Parties' marks create the same commercial impression and the respective services are highly related. Therefore, consumers are likely to be confused and mistakenly believe that these services originate from a common source. *Id.*

61.    The '581 Trademark is exclusively the property of Plaintiff La Rosa Realty, LLC and any unauthorized use of it constitutes trademark infringement.    Defendants' application for and use of "LA ROSA REALTY PSC" constitutes trademark infringement by the Defendants.

62.    Defendants' use of the Marks is intended to cause, has caused and is likely to continue to cause confusion, mistake and deception among the general consuming public and the trade as to whether real estate brokerage and related real estate services marketed or promoted originate from, and/or are affiliated with, sponsored by, or endorsed by Plaintiff La Rosa Realty.

63.    Defendants have acted with knowledge of La Rosa Realty's superior ownership interests in and to the Mark and with the deliberate intention to unfairly benefit from the incalculable goodwill symbolized thereby.

64.    Defendants' acts constitute willful trademark infringement in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114.

65.    Upon information and belief, by their acts, Defendants have made and will make substantial profits and gains to which they are not entitled in law or at equity.

66.     Upon information and belief, Defendants intend to continue their infringing acts, and will continue to willfully infringe the Mark, unless restrained by this Court.

67.     As a direct and proximate cause of the aforementioned infringements, Plaintiff La Rosa has been harmed and suffered monetary damages in an amount not as yet determined and lacks an adequate remedy at law.

68.     The court may award reasonable attorney fees to the Plaintiff as the prevailing party pursuant to **15 U.S.C. Section 1117(a)**.

WHEREFORE, La Rosa demands judgment against Defendants for compensatory damages, Defendant's profits, actual damages, attorney's fees and costs, and for injunctive relief barring Defendants' violation of La Rosa's trademark rights.

## VIII.   COUNT TWO: Unfair Competition
## Plaintiffs against Both Defendants

69.     Plaintiffs hereby incorporate by reference the preceding paragraphs above as if fully set forth and realleged herein.

70.     The aforementioned acts of the Defendants constitute unfair competition.

71.     Plaintiffs state a claim under Federal law for unfair competition under the Lanham Act and a federal cause of action for the Plaintiffs exists for their damages caused by Defendants' use in commerce of words, terms, names, symbols or devices, and false designation of origin of the same which was likely to cause confusion, mistake or deception, or in commercial advertising or promotion, misrepresented the nature, characteristics, qualities or geographic origin of goods or services at issue between the parties.

72.     Upon information and belief, by their acts, Defendants have made and will continue to make substantial profits and gains to which they are not in law or at equity entitled

based upon their actions and in unfair competition with the Plaintiffs.

73.     Upon information and belief, Defendants intend to continue their willfully infringing acts and continue to engage in unfair competition, unless restrained by this Court.

74.     As a direct and proximate result of such unfair competition, Plaintiffs have suffered harm and suffered monetary damages in an amount not yet determined.

75.     Plaintiffs do not have an adequate remedy of law.

WHEREFORE, Plaintiffs demand judgment in their favor against Defendants for compensatory damages, actual damages, attorney's fees and costs of suit and for such other relief the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiffs Demand a jury trial of all matters so triable as a matter of right.

Respectfully submitted,

DATED this 4th day of March 2022

Vincent B. Lynch, Esq.
FL BAR# 0917801
vincent@elpglobal.com
Carlos J. Bonilla
FL BAR #0577818
carlos@elpglobal.com
ELP Global, PLLC
7901 Kingspointe Parkway, Suite 8
Orlando, Florida 32819
Attorney for Plaintiffs

By:     /s/ Vincent B. Lynch
        Vincent B. Lynch

# Exhibit A

**APPENDIX 2**

**LIVE MARKS**

| Word Mark | LR **LA ROSA REALTY** |
|---|---|
| Translations | The English translation of "**La Rosa**" in the mark is "The Rose". |
| Goods and Services | IC 036. US 100 101 102. G & S: Real estate brokerage. FIRST USE: 20160801. FIRST USE IN COMMERCE: 20160801 |
| Mark Drawing Code | (3) DESIGN PLUS WORDS, LETTERS, AND/OR NUMBERS |
| Design Search Code | 26.01.21 - Circles that are totally or partially shaded. |
| Serial Number | 88161630 |
| Filing Date | October 19, 2018 |
| Current Basis | 1A |
| Original Filing Basis | 1A |
| Published for Opposition | January 15, 2019 |
| Registration Number | 5715581 |
| International Registration Number | 1483581 |
| Registration Date | April 2, 2019 |
| Owner | (REGISTRANT) La Rosa Realty, LLC LIMITED LIABILITY COMPANY FLORIDA 1420 Celebration Blvd, Suite 200 Celebration FLORIDA 34747 |
| Disclaimer | NO CLAIM IS MADE TO THE EXCLUSIVE RIGHT TO USE "REALTY" APART FROM THE MARK AS SHOWN |
| Description of Mark | Color is not claimed as a feature of the mark. The mark consists of circle with cursive "L" and "R" with the words "La Rosa Realty" below. |
| Type of Mark | SERVICE MARK |
| Register | PRINCIPAL |
| Live/Dead Indicator | LIVE |

# Exhibit B

## APPENDIX 3

### LIVE MARKS

**Word Mark LA ROSA REALTY** PUERTO RICO PSC

**Goods and Services**
IC 036. US 100 101 102. G & S: Real estate service, namely, rental property management; Real estate services in the form of providing physical access to available properties via a remote call-in locking device; Real estate services to stop foreclosure, namely, mortgage debt management; Real estate services, namely, ad valorem appraisals; Real estate services, namely, condominium management services; Real estate services, namely, leasing and management for others of residential condominiums located within hotel developments; Real estate services, namely, leasing of individual salon suites and studios for licensed salon professionals; Real estate services, namely, mass appraisals; Real estate services, namely, property management services for condominium associations, homeowner associations and apartment buildings; Real estate services, namely, providing online questions to help users determine the best neighborhoods and communities suited to their individual needs and preferences; Real estate services, namely, rental of short-term furnished apartments; Real estate services, namely, rental of vacation homes; Real estate services, namely, rental of vacation homes, condominiums, cabins, and villas using pay per click advertising on a global computer network; Real estate services, namely, rental, brokerage, leasing and management of commercial property, offices and office space; Real estate services, namely, tax appraisals; Real estate services, namely, vacation home rental management services; Real estate acquisition services; Real estate agency services; Real estate brokerage services specializing in restaurants and other food service related businesses; Real estate escrow services; Real estate financing services; Real estate funds investment services; Real estate insurance underwriting services; Real estate investment services; Real estate investment trust services; Real estate investment trust advisory services; Real estate investment trust management services; Real estate lending services; Real estate listing services for housing rentals and apartment rentals; Real estate management services; Real estate management services relating to shopping centers; Real estate multiple listing services; Real estate rental services, namely, rental of residential housing; Real estate title insurance underwriting services; Real estate trustee services; Real estate valuation services; Commercial and residential real estate agency services; Financial services, namely, real estate note brokerage; Financial due diligence services in the field of real estate; Membership club services, namely, providing information to members in the fields of real estate, mortgages and debt elimination; Mortgage foreclosure mitigation and loan default mitigation services, namely, acquisition and lease back of real estate; Residential real estate agency services; Vacation real estate time share exchange services; Vacation real estate timeshare services

**Mark Drawing** (0) UNKNOWN

GOLAB INTELLECTUAL PROPERTY Page **16** of **18**
**Code**
**Serial Number** 90887485

**Filing Date** August 17, 2021

**Current Basis** 1B

**Original Filing**

**Basis** 1B

**Owner** (APPLICANT) Morales, Ana Ivelisse DBA La Rosa Realty Puerto Rico, PSC CORPORATION PUERTO RICO P.O. Box 361390, San Juan, PR 00936 San Juan PUERTO RICO 00918

**Description of Mark**

The mark consists of 1. Name of Legal Entity, Symbol, figure, illustration, that denotes Puerto Rico Real Estate Business 2. Color : Blue & White maybe red 3. No houses, no buildings, no palms, no island map, no photos. Timeless 4. Inspirational, memorable Logo easy to identify 5. Attention and easy to recall 6. Right Font and Size 7. Graphic Touches.

**Type of Mark** SERVICE MARK

**Register** PRINCIPAL  **Live/Dead**

**Indicator** LIVE

# Exhibit C

## RETURN OF NON-SERVICE

### UNITED STATES DISTRICT COURT
### MIDDLE District of Florida

Case Number: 6:21-CV-1660-ACC-DCI

Plaintiff:
**LA ROSA FRANCHISING, LLC AND LA ROSA REALTY, LLC**
vs.

Defendant:
**ANA IVELISSE MORALES AND LA ROSA REALTY PUERTO RICO, PSC**

For:
CARLOS J. BONILLA, ESQ.
ELP GLOBAL, PLLC
7901 KINGSPOINTE PARKWAY
STE 8
ORLANDO, FL 32819

Received by Central Florida Process and Investigations, Inc. on the 11th day of October, 2021 at 2:01 pm to be served on **ANA IVELISSE MORALES, 131 LOS GATOS PL, KISSIMMEE, FL 34759**.

I, Brenda Burnett-Kirk #CA-810, do hereby affirm that on the **9th day of December, 2021** at **12:00 pm, I:**

**NON-SERVED** the **SUMMONS, COMPLAINT, AND EXHIBITS** for the reason that I failed to find **ANA IVELISSE MORALES** or any information to allow further search.  Read the comments below for further details.

**Additional Information pertaining to this Service:**
10/18/2021  9:40 am  131 LOS GATOS PL, KISSIMMEE, FL 34759  Server made an attempt and there was no answer at the door.  Server left a card.
10/21/2021  12:50 pm  131 LOS GATOS PL, KISSIMMEE, FL 34759  Server made an attempt and there was no answer at the door.  The previous card left was still on the door.
10/27/2021  10:29 am  131 LOS GATOS PL, KISSIMMEE, FL 34759  Server made an attempt and there was no answer at the door.  The previous card left was still on the door.
10/30/2021  9:55 am  131 LOS GATOS PL, KISSIMMEE, FL 34759  Server made an attempt and there was no answer at the door.  The previous card left was still on the door.
11/2/2021  2:25 pm  131 LOS GATOS PL, KISSIMMEE, FL 34759  Server made an attempt and there was no answer at the door.  The previous card left was still on the door.
11/9/2021  10:00 am  131 LOS GATOS PL, KISSIMMEE, FL 34759  Server made an attempt and there was no answer at the door.  The previous card left was still on the door. The server spoke to the next door neighbor who said he has not seen anyone at this home in over a year.

## RETURN OF NON-SERVICE For 6:21-CV-1660-ACC-DCI

I certify that I am over the age of 18, have no interest in the above action, and am a Certified Process Server, in good standing, in the judicial circuit in which the process was served.  Signed under the penalties of perjury, I declare that I have read the foregoing return of service and that the facts stated in it are true; NO NOTARY REQUIRED PURSUANT TO F.S. 92.525 (2)

**Brenda Burnett-Kirk #CA-810**
Process Server

**Central Florida Process and Investigations, Inc.**
**1516 E. Colonial Drive**
**Suite 201**
**Orlando, FL 32803**
**(407) 374-2830**

Our Job Serial Number: PKP-2021006412

# Exhibit D

## RETURN OF NON-SERVICE

### UNITED STATES DISTRICT COURT
### MIDDLE District of Florida

Case Number: 6:21-CV-1660-ACC-DCI

Plaintiff:
**LA ROSA FRANCHISING, LLC AND LA ROSA REALTY, LLC**

vs.

Defendant:
**ANA IVELISSE MORALES AND LA ROSA REALTY PUERTO RICO, PSC**

For:
CARLOS J. BONILLA, ESQ.
ELP GLOBAL, PLLC
7901 KINGSPOINTE PARKWAY
STE 8
ORLANDO, FL 32819

Received by Central Florida Process and Investigations, Inc. on the 12th day of October, 2021 at 10:23 am to be served on **LA ROSA REALTY PUERTO RICO, PSC C/O REGISTERED AGENT ANA IVELISSE MORALES, 131 LOS GATOS PL, KISSIMMEE, FL 34759**.

I, Brenda Burnett-Kirk #CA-810, do hereby affirm that on the **9th day of December, 2021** at **12:00 pm, I:**

**NON-SERVED** the **SUMMONS, COMPLAINT, AND EXHIBITS** for the reason that I failed to find **LA ROSA REALTY PUERTO RICO, PSC C/O REGISTERED AGENT ANA IVELISSE MORALES** or any information to allow further search.  Read the comments below for further details.

**Additional Information pertaining to this Service:**
10/18/2021  9:40 am  131 LOS GATOS PL, KISSIMMEE, FL 34759  Server made an attempt and there was no answer at the door.  Server left a card.
10/21/2021  12:50 pm  131 LOS GATOS PL, KISSIMMEE, FL 34759  Server made an attempt and there was no answer at the door.  The previous card left was still on the door.
10/27/2021  10:29 am  131 LOS GATOS PL, KISSIMMEE, FL 34759  Server made an attempt and there was no answer at the door.  The previous card left was still on the door.
10/30/2021  9:55 am  131 LOS GATOS PL, KISSIMMEE, FL 34759  Server made an attempt and there was no answer at the door.  The previous card left was still on the door.
11/2/2021  2:25 pm  131 LOS GATOS PL, KISSIMMEE, FL 34759  Server made an attempt and there was no answer at the door.  The previous card left was still on the door.
11/9/2021  10:00 am  131 LOS GATOS PL, KISSIMMEE, FL 34759  Server made an attempt and there was no answer at the door.  The previous card left was still on the door. The server spoke to the next door neighbor who said he has not seen anyone at this home in over a year.
11/17/2021  9:15 am  131 LOS GATOS PL, KISSIMMEE, FL 34759 the server made an attempt and there was no change.

## <u>RETURN OF NON-SERVICE For 6:21-CV-1660-ACC-DCI</u>

I certify that I am over the age of 18, have no interest in the above action, and am a Certified Process Server, in good standing, in the judicial circuit in which the process was served.  Signed under the penalties of perjury, I declare that I have read the foregoing return of service and that the facts stated in it are true; NO NOTARY REQUIRED PURSUANT TO F.S. 92.525 (2)

**Brenda Burnett-Kirk #CA-810**
Process Server

**Central Florida Process and Investigations, Inc.**
**1516 E. Colonial Drive**
**Suite 201**
**Orlando, FL 32803**
**(407) 374-2830**

Our Job Serial Number: PKP-2021006440

Copyright © 1992-2021 Database Services, Inc. - Process Server's Toolbox V8 1c



# GOLAB INTELLECTUAL PROPERTY

1413 Santa Cruz Ave ◆ Coral Gables ◆ Florida 33134 ◆ USA
☎ (305) 720-2080   🏛 www.golabip.com

September 22, 2021

Vincent B. Lynch, Esq.
ELP Global, PLLC
7901 Kingspointe Parkway, Suite 8
Orlando, Florida 32819

## LEGAL OPINION

This is my legal opinion regarding the rights to the mark LA ROSA REALTY ("Mark").

## GENERAL CONSIDERATIONS

The word mark, used hereinafter, designates both trademarks and service marks. Trademarks represent products while service marks represent services.

Products and services are classified into separate lists according to an international classification adopted by the United States Patent and Trademark Office ("USPTO"). Only one trademark or service mark may be registered per international class.

In the United States of America ("USA"), trademark and service mark rights are obtained only by using the mark in commerce, as stipulated by statute.

A user of an unregistered mark acquires Common Law rights to the mark in the geographical area where the mark is used. Registration is not necessary in the USA to obtain Common Law rights.

A mark may be registered in a few states and at the federal level by applying to the USPTO.  Federal registration is valid anywhere in the USA except where a state registration or the geographic area where a Common Law mark exist.   Once a mark is registered federally only the mark owner has the right to use it excluding all others.   Anybody using a registered mark without permission from the owner will be considered an infringer and be subject to penalties as stipulated by law, which includes legal fees incurred in enforcing a registered mark.

**SEARCH RESULTS**

**a.   Dead Records**

A perfunctory search of the Mark in the USPTO's database, the single federal authority in the USA to register trademarks, resulted in four records matching the Mark.  Of the four records, two were Dead records, meaning the marks were abandoned or expired, and two were Live records, meaning the marks match a registered mark or an application for a mark that has not yet resulted in a registration or an abandonment. *See Appendix 1.*

Dead records do not carry any rights nor affect a current mark registrant however they are important because their prosecution history may reveal information that may relate to a willful declaration or omission by an applicant.

The two Dead records revealed that the applicant/owner of both marks LA ROSA REALTY was La Rosa Realty, LLC, the same owner of the currently registered and Live Mark. One of the Dead marks, Serial #85,268,595, was applied on March 16, 2011 and registered with Registration #4,048.588, on November 1, 2011.  The mark was cancelled by the USPTO on June 8, 2018 for failure to renew it.  The second Dead mark was applied on July 17, 2018 and abandoned on May 6, 2019 for failure to answer an Examiner's objection.

### b.  Live Records

Live records explicitly reveal the identity of who has trademark rights on the Mark.  Live records also have a prosecution history that reveals what the applicant declared to the USPTO, whether there were any USPTO's Examiner objections, and if so, what the applicant answered. Most importantly, the prosecution history reveals the date the application was filed, when the Mark was granted, the international class in which registration is sought, and whether or when the Mark was first placed in use in commerce as of the date of filling the application.

All applicant's declarations in a trademark application are under explicit warning that a signatory willful false statements and the like are punishable by fine or imprisonment, or both, under 18 U.S.C. § 1001, and that such willful false statements and the like may jeopardize the validity of the application or submission or any registration resulting therefrom.

Amongst other declarations the signatory declares that all statements made of his/her own knowledge are true and that all statements made on information and belief are believed to be true.

Attorneys filing a trademark application must do so after due diligence to the best of the signatory's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances, with the allegations and other factual contentions made having evidentiary support.

The applicant declares that he/she is the owner of the mark sought to be registered.   To the best of the applicant's knowledge and belief, no other persons, except, if applicable, authorized users, members, and/or concurrent users, have the right to use the mark in commerce,

either in the identical form or in such near resemblance as to be likely, when used on or in connection with the goods/services, to cause confusion or mistake, or to deceive.

A trademark application may be filled with the USPTO even if the mark has not yet been used in commerce under the process "Intend to Use". The applicant declares that he/she has a bona fide intention, and is entitled, to use the mark in commerce on or in connection with the identified goods/services. An application under "Intend to Use" will only mature into a registration when the mark is used in commerce within a maximum statutory time of three years.

### 1.  Registration #5,715,581

A review of the first Live record, Serial #88,161,630, corresponds to a registered mark, comprising a logotype that includes the text LR LA ROSA REALTY. La Rosa Realty, LLC, of Florida, through its Principal, Joe La Rosa, applied for registration on October 19, 2018 in international class 036 (Real Estate Brokerage), and was on January 15, 2019 was granted Registration #5,715,581 ("Registration '581). Applicant declared that the mark was in use in commerce as of August 1, 2016. *See Appendix 2.*

### 2.  Serial # 90,887,485

A review of the second Live record, Serial #90,887,485 ("Application '485"), corresponds to an application under "Intend to Use", with a logotype different from Registration '581 but that includes the text LA ROSA REALTY PUERTO RICO PSC. Ms. Ana Ivelisse Morales, an individual, applied for registration on August 17, 2021 in international class 036 (Real Estate Services, etc.), and signed all the pertinent required declarations. The application has not yet been examined by the USPTO. *See Appendix 3.*

From the Application '485 of Ms. Morales, which includes the declarations discussed above, it can be deduced that the requested mark was not in use in commerce at least prior to August 17, 2021. Furthermore, since the mark was not used in commerce, there cannot be Common Law rights claimed prior to the filing date without at the same time declaring to having made false declarations to the USPTO.

## LEGAL ANALYSIS

The USPTO has not posted the results of the examination of the Application '485, thus the following analysis is my opinion as to what would most likely happen to this application.

## REFUSAL UNDER SECTION 2(d) – LIKELIHOOD OF CONFUSION

Registration of the Application '485 applied-for mark will be refused because of a likelihood of confusion with the mark in U.S. Registration No. 5,715,581. Trademark Act Section 2(d), 15 U.S.C. §1052(d); *see* TMEP §§1207.01 *et seq.*

Applicant's mark is **LA ROSA REALTY PUERTO RICO PSC** (in stylized form) for "Real Estate Services, and other services" in International Class 036.

Registrant's mark is **LR LA ROSA REALTY** (in a different stylized form) for "Real Estate Brokerage" in International Class 036.

Trademark Act Section 2(d) bars registration of an applied-for mark that is so similar to a registered mark that it is likely consumers would be confused, mistaken, or deceived as to the commercial source of the goods and/or services of the parties. *See* 15 U.S.C. §1052(d).

Likelihood of confusion is determined on a case-by-case basis by applying the factors set forth in *In re E. I. du Pont de Nemours & Co.*, 476 F.2d 1357, 1361, 177 USPQ 563, 567 (C.C.P.A. 1973) (called the "*du Pont* factors"). *In re i.am.symbolic, llc*, 866 F.3d 1315, 1322,

123 USPQ2d 1744, 1747 (Fed. Cir. 2017).  Any evidence of record related to those factors need be considered; however, "not all of the *DuPont* factors are relevant or of similar weight in every case." *In re Guild Mortg. Co.*, 912 F.3d 1376, 1379, 129 USPQ2d 1160, 1162 (Fed. Cir. 2019) (quoting *In re Dixie Rests., Inc.*, 105 F.3d 1405, 1406, 41 USPQ2d 1531, 1533 (Fed. Cir. 1997)).

Although not all *du Pont* factors may be relevant, there are generally two key considerations in any likelihood of confusion analysis: (1) the similarities between the compared marks and (2) the relatedness of the compared goods and/or services. *See In re i.am.symbolic, llc*, 866 F.3d at 1322, 123 USPQ2d at 1747 (quoting *Herbko Int'l, Inc. v. Kappa Books, Inc.*, 308 F.3d 1156, 1164-65, 64 USPQ2d 1375, 1380 (Fed. Cir. 2002)); *Federated Foods, Inc. v. Fort Howard Paper Co.*, 544 F.2d 1098, 1103, 192 USPQ 24, 29 (C.C.P.A. 1976) ("The fundamental inquiry mandated by [Section] 2(d) goes to the cumulative effect of differences in the essential characteristics of the goods [or services] and differences in the marks."); TMEP §1207.01.

### a.  SIMILARITY OF THE MARKS

When comparing marks, "[t]he proper test is not a side-by-side comparison of the marks, but instead whether the marks are sufficiently similar in terms of their commercial impression such that [consumers] who encounter the marks would be likely to assume a connection between the parties." *Cai v. Diamond Hong, Inc.*, 901 F.3d 1367, 1373, 127 USPQ2d 1797, 1801 (Fed. Cir. 2018) (quoting *Coach Servs., Inc. v. Triumph Learning LLC*, 668 F.3d 1356, 1368, 101 USPQ2d 1713, 1721 (Fed. Cir. 2012)); TMEP §1207.01(b).  The proper focus is on the recollection of the average purchaser, who retains a general rather than specific impression of trademarks. *In re Inn at St. John's, LLC*, 126 USPQ2d 1742, 1746 (TTAB 2018) (citing *In re St. Helena Hosp.*, 774 F.3d 747, 750-51, 113 USPQ2d 1082, 1085 (Fed. Cir. 2014); *Geigy Chem.*

*Corp. v. Atlas Chem. Indus., Inc.*, 438 F.2d 1005, 1007, 169 USPQ 39, 40 (C.C.P.A. 1971)),
*aff'd per curiam*, 777 F. App'x 516, 2019 BL 343921 (Fed. Cir. 2019); TMEP §1207.01(b).

The respective marks, LR LA ROSA REALTY and LA ROSA REALTY PUERTO
RICO PSC, are highly similar in appearance, sound and meaning.  The only difference is the
aggregate geographic nominator and the logotype.

Consumers are generally more inclined to focus on the text prefix, or syllable in any
trademark or service mark. *See Palm Bay Imps., Inc. v. Veuve Clicquot Ponsardin Maison
Fondee En 1772*, 396 F.3d 1369, 1372, 73 USPQ2d 1689, 1692 (Fed. Cir. 2005) (finding
similarity between VEUVE ROYALE and two VEUVE CLICQUOT marks in part because
"VEUVE . . . remains a 'prominent feature' as the first word in the mark and the first word to
appear on the label"); *Century 21 Real Estate Corp. v. Century Life of Am.*, 970 F.2d 874, 876,
23 USPQ2d 1698, 1700 (Fed Cir. 1992) (finding similarity between CENTURY 21 and
CENTURY LIFE OF AMERICA in part because "consumers must first notice th[e] identical
lead word"); *see also In re Detroit Athletic Co.*, 903 F.3d 1297, 1303, 128 USPQ2d 1047, 1049
(Fed. Cir. 2018) (finding "the identity of the marks' two initial words is particularly significant
because consumers typically notice those words first").

In this case, the marks share the same first three significant words, "LA ROSA
REALTY".  This fact contributes to the marks having the same commercial impression because
consumers are more likely to focus on the words "LA ROSA REALTY" when viewing or
hearing the marks.

Here, the addition of "PUERTO RICO PSC" in Application '485 provides a geographic
indication but does not obviate the overall similarity between the marks. Consumers, when
encountering the marks LR LA ROSA REALTY and LA ROSA REALTY PUERTO RICO

PSC, are likely to be confused as to the source of the services at issue, particularly when the services are used for identical purposes.

An additional one or two words do not change a mark's sound and meaning and does very little to change a mark's appearance. *See, e.g., Seaguard Corp. v. Seaward Int'l, Inc.*, 223 USPQ 48, 51 (TTAB 1984) ("[T]he marks 'SEAGUARD' and 'SEA GUARD' are, in contemplation of law, identical [internal citation omitted]."); *In re Best W. Family Steak House, Inc.*, 222 USPQ 827, 827 (TTAB 1984) ("There can be little doubt that the marks [BEEFMASTER and BEEF MASTER] are practically identical"); *Stock Pot, Inc., v. Stockpot Rest., Inc.*, 220 USPQ 52, 52 (TTAB 1983), *aff'd* 737 F.2d 1576, 222 USPQ 665 (Fed. Cir. 1984) ("There is no question that the marks of the parties [STOCKPOT and STOCK POT] are confusingly similar. The word marks are phonetically identical and visually almost identical."). In this case, LR LA ROSA REALTY and LA ROSA REALTY PSC are highly similar in appearance, sound, meaning, and give the same commercial impression.

Accordingly, the marks are confusingly similar.

### b.   RELATEDNESS OF THE GOODS

The applicant's "Real Estate Services; Real Estate Brokerage Services Specializing in Restaurants and Other Food Service Related Businesses, etc.," are identical or closely related to the registrant's "Real Estate Services" because the wording in the description of goods is broad enough to overlap.  Additionally, these goods are commonly provided through the same channels of trade.

Determining likelihood of confusion is based on the description of the goods and/or services stated in the application and registration at issue, not on extrinsic evidence of actual use. *See In re Detroit Athletic Co.*, 903 F.3d 1297, 1307, 128 USPQ2d 1047, 1052 (Fed. Cir. 2018)

(citing *In re i.am.symbolic, llc*, 866 F.3d 1315, 1325, 123 USPQ2d 1744, 1749 (Fed. Cir. 2017)). In this case, the registration uses broad wording to describe "Real Estate Brokerage," which presumably encompasses all services of the type described, including applicant's more narrow "Real Estate Services." *See, e.g., In re Solid State Design Inc.*, 125 USPQ2d 1409, 1412-15 (TTAB 2018); *Sw. Mgmt., Inc. v. Ocinomled, Ltd.*, 115 USPQ2d 1007, 1025 (TTAB 2015).

Thus, applicant's and registrant's services are legally identical in part. *See, e.g., In re i.am.symbolic, llc*, 127 USPQ2d 1627, 1629 (TTAB 2018) (citing *Tuxedo Monopoly, Inc. v. Gen. Mills Fun Grp., Inc.*, 648 F.2d 1335, 1336, 209 USPQ 986, 988 (C.C.P.A. 1981); *Inter IKEA Sys. B.V. v. Akea, LLC*, 110 USPQ2d 1734, 1745 (TTAB 2014); *Baseball Am. Inc. v. Powerplay Sports Ltd.*, 71 USPQ2d 1844, 1847 n.9 (TTAB 2004)).

Additionally, the goods of the parties have no restrictions as to nature, type, channels of trade, or classes of purchasers and are "presumed to travel in the same channels of trade to the same class of purchasers." *In re Viterra Inc.*, 671 F.3d 1358, 1362, 101 USPQ2d 1905, 1908 (Fed. Cir. 2012) (quoting *Hewlett-Packard Co. v. Packard Press, Inc.*, 281 F.3d 1261, 1268, 62 USPQ2d 1001, 1005 (Fed. Cir. 2002)). Thus, applicant's and registrant's services are related.

This evidence establishes that the relevant services are provided through the same trade channels and used by the same classes of consumers in the same fields of use. Thus, applicant's and registrant's services are considered related for likelihood of confusion purposes. *See, e.g., In re Davey Prods. Pty Ltd.*, 92 USPQ2d 1198, 1202-04 (TTAB 2009); *In re Toshiba Med. Sys. Corp.*, 91 USPQ2d 1266, 1268-69, 1271-72 (TTAB 2009).

In summary, the applicant's and registrant's marks create the same commercial impression and the respective services are highly related.   Therefore, consumers are likely to be confused and mistakenly believe that these services originate from a common source.

**USE IN COMMERCE**

As discussed, a mark must be used in commerce to be registered.  Evidence of use in commerce may vary and depend on the goods/services represented by the mark.  In the case of real estate services, the offering for sale/rent of dwellings though a website could be an acceptable form of evidence of use of the service mark in commerce.

Applicant has a website https://sanjuan.larosarealtypuertorico.com where properties are offered for sale. *See Appendix 4.*

Applicant's website does not constitute evidence of use of the service mark in commerce for several reasons.   The service mark requested must always be used exactly as apply for.  If the mark is a mixed mark, has a logotype and text, it must be used as applied for, the logotype cannot be used separately from the text and vice versa.  The text, if any, of the mark cannot be split or modified in any manner.

Applicant's website uses the text LA ROSA REALTY separated from the logotype and with various additions and modifications.  On the top of the page it lists LA ROSA REALTY PUERTO RICO - SAN JUAN.  On a blue strip immediately bellow it uses the text LA ROSA REALTY PUERTO RICO.

In the About section, Applicant uses LA ROSA REALTY PUERTO RICO - SAN JUAN and in the text it uses LA ROSA REALTY and LA ROSA.  The plurality of forms, none conforming the application, renders the webpage useless as evidence of use of the service mark. The webpage indicates that it was Copyrighted in 2021 by Inside Real Estate, of which no research was conducted but it may be used in case of a trademark infringement case.

**CONCLUSION**

The Registration '581 is exclusively the property of la Rosa Realty, LLC and any unauthorized use of it constitutes trademark infringement.

Applicant does not have any Common Law rights to claim, thus the use of the mark, including the textual portion, constitutes trademark infringement.

Should my opinion elicit any inquiries I will be willing to respond or testify as required.

Cordially,

Mario S. Golab, AE, MBA, JD, MIP (IP law)
USPTO Registered Patent Attorney

## APPENDIX 1

## USPTO LISTING ON MARKS THAT INCLUDE LA ROSA REALTY

| | Serial Number | Reg. Number | Word Mark | Check Status | Live/Dead |
|---|---|---|---|---|---|
| 1 | 90887485 | | **LA ROSA REALTY** PUERTO RICO PSC | TSDR | LIVE |
| 2 | 88161630 | 5715581 | LR **LA ROSA REALTY** | TSDR | LIVE |
| 3 | 88040434 | | **LA ROSA REALTY** | TSDR | DEAD |
| 4 | 85268595 | 4048588 | **LA ROSA REALTY** | TSDR | DEAD |

## DEAD MARKS

| Word Mark | LA ROSA REALTY |
|---|---|
| Goods and Services | (CANCELLED) IC 036. US 100 101 102. G & S: Real estate brokerage. FIRST USE: 20040901. FIRST USE IN COMMERCE: 20040901 |
| Mark Drawing Code | (3) DESIGN PLUS WORDS, LETTERS, AND/OR NUMBERS |
| Design Search Code | 07.01.04 - Detached house<br>07.01.06 - Other houses<br>26.03.02 - Ovals, plain single line; Plain single line ovals<br>26.17.01 - Bands, straight; Bars, straight; Lines, straight; Straight line(s), band(s) or bar(s)<br>26.17.06 - Bands, diagonal; Bars, diagonal; Diagonal line(s), band(s) or bar(s); Lines, diagonal |
| Serial Number | 85268595 |
| Filing Date | March 16, 2011 |
| Current Basis | 1A |
| Original Filing Basis | 1A |
| Published for Opposition | August 16, 2011 |
| Registration Number | 4048588 |
| Registration Date | November 1, 2011 |

| Owner | (REGISTRANT) La Rosa Realty LIMITED LIABILITY COMPANY FLORIDA Suite 100 1420 Celebration Blvd Celebration FLORIDA 34747 |
|---|---|
| Disclaimer | NO CLAIM IS MADE TO THE EXCLUSIVE RIGHT TO USE "REALTY" APART FROM THE MARK AS SHOWN |
| Description of Mark | Color is not claimed as a feature of the mark. The mark consists of the stylized underlined text "La Rosa Realty" on an oval containing a house. |
| Type of Mark | SERVICE MARK |
| Register | PRINCIPAL |
| Other Data | The name "LA ROSA" in the mark identifies JOSEPH LA ROSA, a living individual whose consent is of record. |
| Live/Dead Indicator | DEAD |
| Cancellation Date | June 8, 2018 |

| Word Mark | LA ROSA REALTY |
|---|---|
| Goods and Services | (ABANDONED) IC 036. US 100 101 102. G & S: Real estate brokerage. FIRST USE: 20040901. FIRST USE IN COMMERCE: 20040901 |
| Standard Characters Claimed | |
| Mark Drawing Code | (4) STANDARD CHARACTER MARK |
| Serial Number | 88040434 |
| Filing Date | July 17, 2018 |
| Current Basis | 1A |
| Original Filing Basis | 1A |
| Owner | (APPLICANT) LA ROSA REALTY, LLC LIMITED LIABILITY COMPANY FLORIDA joe@larosarealtycorp.com 1420 Celebration Boulevard, Suite 200 Celebration FLORIDA 34747 |

| | |
|---|---|
| **Attorney of Record** | Michele Diglio-Benkiran |
| **Disclaimer** | NO CLAIM IS MADE TO THE EXCLUSIVE RIGHT TO USE "REALTY" APART FROM THE MARK AS SHOWN |
| **Type of Mark** | SERVICE MARK |
| **Register** | PRINCIPAL |
| **Live/Dead Indicator** | DEAD |
| **Abandonment Date** | May 6, 2019 |

## APPENDIX 2

### LIVE MARKS

| Word Mark | LR **LA ROSA REALTY** |
|---|---|
| Translations | The English translation of "**La Rosa**" in the mark is "The Rose". |
| Goods and Services | IC 036. US 100 101 102. G & S: Real estate brokerage. FIRST USE: 20160801. FIRST USE IN COMMERCE: 20160801 |
| Mark Drawing Code | (3) DESIGN PLUS WORDS, LETTERS, AND/OR NUMBERS |
| Design Search Code | 26.01.21 - Circles that are totally or partially shaded. |
| Serial Number | 88161630 |
| Filing Date | October 19, 2018 |
| Current Basis | 1A |
| Original Filing Basis | 1A |
| Published for Opposition | January 15, 2019 |
| Registration Number | 5715581 |
| International Registration Number | 1483581 |
| Registration Date | April 2, 2019 |
| Owner | (REGISTRANT) La Rosa Realty, LLC LIMITED LIABILITY COMPANY FLORIDA 1420 Celebration Blvd, Suite 200 Celebration FLORIDA 34747 |
| Disclaimer | NO CLAIM IS MADE TO THE EXCLUSIVE RIGHT TO USE "REALTY" APART FROM THE MARK AS SHOWN |
| Description of Mark | Color is not claimed as a feature of the mark. The mark consists of circle with cursive "L" and "R" with the words "La Rosa Realty" below. |
| Type of Mark | SERVICE MARK |
| Register | PRINCIPAL |
| Live/Dead Indicator | LIVE |

## APPENDIX 3

### LIVE MARKS

| | |
|---|---|
| **Word Mark** | **LA ROSA REALTY** PUERTO RICO PSC |
| **Goods and Services** | IC 036. US 100 101 102. G & S: Real estate service, namely, rental property management; Real estate services in the form of providing physical access to available properties via a remote call-in locking device; Real estate services to stop foreclosure, namely, mortgage debt management; Real estate services, namely, ad valorem appraisals; Real estate services, namely, condominium management services; Real estate services, namely, leasing and management for others of residential condominiums located within hotel developments; Real estate services, namely, leasing of individual salon suites and studios for licensed salon professionals; Real estate services, namely, mass appraisals; Real estate services, namely, property management services for condominium associations, homeowner associations and apartment buildings; Real estate services, namely, providing online questions to help users determine the best neighborhoods and communities suited to their individual needs and preferences; Real estate services, namely, rental of short-term furnished apartments; Real estate services, namely, rental of vacation homes; Real estate services, namely, rental of vacation homes, condominiums, cabins, and villas using pay per click advertising on a global computer network; Real estate services, namely, rental, brokerage, leasing and management of commercial property, offices and office space; Real estate services, namely, tax appraisals; Real estate services, namely, vacation home rental management services; Real estate acquisition services; Real estate agency services; Real estate brokerage services specializing in restaurants and other food service related businesses; Real estate escrow services; Real estate financing services; Real estate funds investment services; Real estate insurance underwriting services; Real estate investment services; Real estate investment trust services; Real estate investment trust advisory services; Real estate investment trust management services; Real estate lending services; Real estate listing services for housing rentals and apartment rentals; Real estate management services; Real estate management services relating to shopping centers; Real estate multiple listing services; Real estate rental services, namely, rental of residential housing; Real estate title insurance underwriting services; Real estate trustee services; Real estate valuation services; Commercial and residential real estate agency services; Financial services, namely, real estate note brokerage; Financial due diligence services in the field of real estate; Membership club services, namely, providing information to members in the fields of real estate, mortgages and debt elimination; Mortgage foreclosure mitigation and loan default mitigation services, namely, acquisition and lease-back of real estate; Residential real estate agency services; Vacation real estate time share exchange services; Vacation real estate timeshare services |
| **Mark Drawing** | (0) UNKNOWN |

| | |
|---|---|
| **Code** | |
| **Serial Number** | 90887485 |
| **Filing Date** | August 17, 2021 |
| **Current Basis** | 1B |
| **Original Filing Basis** | 1B |
| **Owner** | (APPLICANT) Morales, Ana Ivelisse DBA La Rosa Realty Puerto Rico, PSC CORPORATION PUERTO RICO P.O. Box 361390, San Juan, PR 00936 San Juan PUERTO RICO 00918 |
| **Description of Mark** | The mark consists of 1. Name of Legal Entity, Symbol, figure, illustration, that denotes Puerto Rico Real Estate Business 2. Color : Blue & White maybe red 3. No houses, no buildings, no palms, no island map, no photos. Timeless 4. Inspirational, memorable Logo easy to identify 5. Attention and easy to recall 6. Right Font and Size 7. Graphic Touches. |
| **Type of Mark** | SERVICE MARK |
| **Register** | PRINCIPAL |
| **Live/Dead Indicator** | LIVE |

## **APPENDIX 4**

Home page of https://sanjuan.larosarealtypuertorico.com/











