UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

LA ROSA FRANCHISING, LLC, *et ano.*,

    Plaintiffs,

v.

ANA IVELISSE MORALES, *et ano.*,

    Defendants.

Case No. 6:21-cv-01660-ACC-DCI

## DEFENDANTS' MOTION TO SET ASIDE
## CLERK'S DEFAULT AND TO QUASH SERVICE

Defendants respectfully move to set aside the Clerk's entry of default [D.E. 24] pursuant to Rule 55(c) of the Federal Rules of Civil Procedure, and to quash service.

For good cause shown, Defendants state:

### I.    BACKGROUND

This is an action for purported trademark infringement and Lanham Act unfair competition concerning Plaintiff La Rosa Realty's federal trademark registration for the design plus word mark for LR LA ROSA REALTY, U.S. Reg. No. 5715581 (the "LRR Mark"). [*See, generally*, D.E. 12]. Previously, the Court sua sponte declined to exercise supplemental jurisdiction over Plaintiffs' pendent state-law claims relating to the certain franchise agreement. [D.E. 11].

The operative complaint and purported alternate service of the same is infirm on several bases: it fails to explain how Plaintiff La Rosa Franchising, LLC has any

basis to sue under these claims, as it is neither the owner nor does it allege any exclusive license or assignment as to the LLR Mark; the trademark claims are couched as purported breach of contract, which the Court expressly declined to hear [D.E. 12 ¶ 25–26; D.E. 11]; the intent-to-use (ITU) application raised in the Amended Complaint was cancelled by the U.S. Patent and Trademark Office, and therefore is no longer any basis for purported trademark infringement or unfair competition [D.E. 12 ¶ 30]; Plaintiffs lack personal jurisdiction over at least the defendant entity, which solely exists in the Commonwealth of Puerto Rico, has no connection to the State of Florida, and where the ITU application no longer exists to provide a sufficient basis for the Florida long-arm statute to apply; and alternate service of process is due to be quashed because it did not comply with the statute and was procured under false pretenses.

Defendants should have an opportunity to present these arguments, and others, to the Court. For those reasons the default in this case should be set aside.

## II. MEMORANDUM OF LAW

### A. Legal standard regarding default.

Pursuant to Rule 55(a) of the Federal Rules of Civil Procedure, "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). Rule 55(c), however, provides that a "court may set aside an entry of default for good cause." Fed. R. Civ. P. 55(c).

The "good cause" standard under Rule 55(c) is to be construed liberally on a case-by-case basis. *Compania Interamericana Export-Import, S.A. v. Compania Dominicana de Aviacion*, 88 F.3d 948, 951-52 (11th Cir. 1996). In rendering such case-by-case determinations, courts consider: "(a) whether the default was culpable or willful; (b) whether setting it aside would prejudice the adversary; (c) whether the defaulting party presents a meritorious defense; (d) whether there was significant financial loss to the defaulting party; and (e) whether the defaulting party acted promptly to correct the default." *S.E.C. v. Johnson*, 436 Fed. Appx. 939, 945 (11th Cir. 2011) (quoting *Compania Interamericana*, 88 F.3d at 951–52).

When ruling on a motion under Rule 55(c), courts are vested with considerable discretion. *Lourido v. 365 Credit Clinic, LLC*, 21-cv-24397-COOKE/DAMIAN, 2022 WL 612626, at *2 (S.D. Fla. Mar. 2, 2022) (quoting *In re Fortner*, No. 12-60478, 2012 WL 3613879, at *7 (S.D. Fla. Aug. 21, 2012). Notwithstanding, the Eleventh Circuit disfavors defaults because of "the strong policy of determining cases on their merits." *Lourido*, 2022 WL 612626, at *2 (citing *Florida Physician's Ins. Co. v. Ehlers*, 8 F.3d 780, 783 (11th Cir. 1993)). The result of this policy is that a movant must only make a "bare minimum showing" to avoid default. *Id.* (quoting *Jones v. Harrell*, 858 F.2d 667, 669 (11th Cir. 1988)) (also noting that the default standard is not the higher "excusable neglect" standard required to set aside a default judgment).

## B. The factors weigh in favor of determining this case on the merits.

Here, the equities weigh against a default against Defendants.

### 1. Default was not willful.

*First,* Defendants did not willfully default in this case. A party willfully defaults by displaying either an intentional or reckless disregard for the judicial proceedings. *Pure Fresh, LLC v. Liaison Can./U.S. Logistics (USA) Corp.*, No. 19-CV-60079, 2019 WL 1921991, at *2 (S.D. Fla. Apr. 30, 2019). Here, Defendants were generally aware that Plaintiffs had commenced a suit against them, but they were never personally served. Declaration of Ana Ivelisse Morales ("Morales Decl.") ¶¶ 21, 26, attached hereto as **Exhibit 1**. They did not believe they were obligated to respond to the lawsuit until such time. *Id.* at ¶ 25. That is not indicative of a litigant who has been given "ample opportunity to comply with court orders but fails to effect any compliance" for purposes of determining willfulness. *Compania Interamericana*, 88 F.3d 948 at 952.

Instead, after learning that Plaintiffs had attempted to serve them through the Florida Secretary of State, Defendants promptly retained counsel, which filed this motion. *See, e.g.*, *Morford v. Cattelan*, 21-CV-20039-SCOLA/GOODMAN, at *10 (S.D. Fla. Mar. 22, 2022); *S.E.C. v. Altomare*, No. 14-61196-CIV, 2014 WL 4388614, at *2 (S.D. Fla. Sept. 5, 2014) (considering request for vacatur after two weeks as a "rapid" response, evidencing a lack of culpable disregard for the missed deadlines); *Rodriguez v. Brim's Food, Inc.*, No. 13-cv-20600, 2013 WL 3147348, at *2 (S.D. Fla.

June 19, 2013) (motion to vacate default by newly retained counsel eleven days after deadline showed that there was "no willful disregard involved as a reason for their failure to respond"); *Joseph v. Mortgage Experts of S. Fla., Inc.*, No. 12-CV-23884, 2013 WL 2384247, at *2 (S.D. Fla. May 30, 2013) (same, with six-week delay).

Defendants nevertheless contend that they have not been served, and therefore a default cannot be sustained regardless of how the equities weigh, as it lacks personal jurisdiction over the Defendants.

### 2. Plaintiffs would not be prejudiced by setting aside the default.

*Second*, there is no prejudice to Plaintiffs. Under the prejudice analysis, a court will look at the effect of setting aside the default on the Plaintiffs' ability to prosecute the case on the merits. *Id.* (citing *Sherrard v. Macy's Sys. & Tech. Inc.*, 724 Fed. Appx. 736, 738 (11th Cir. 2018)). Any delay in adjudication of a claim is not sufficient to qualify as prejudice under Rule 55(c). Instead, the Plaintiffs would have to show that the delay resulted in loss of evidence, increased opportunities for fraud, or discovery difficulties. *Morford*, 21-cv-200039, at *11 (quoting *Suntrust Bank v. Armsey*, No. 09-80606-CIV, 2010 WL 731802, at *2 (S.D. Fla. Feb. 26, 2010). These claims involve purported trademark infringement related to the corporate defendant's cancelled ITU application and business registration in the Commonwealth of Puerto Rico. Those facts have not changed since the amendment. Further, as discussed below, the Court lacks jurisdiction over the corporate defendant and Plaintiffs never properly effectuated service over either defendant. They cannot be prejudiced where they have not complied with their obligations under Rule 4.

### 3. Plaintiffs' case is infirm and likely subject to dismissal.

*Third*, Defendants have meritorious defenses. Here, Defendants need only provide "a hint of a suggestion'" that their case has merit. *Griffin IT Media, Inc. v. Intelligentz Corp.*, No. 07-80535-CIV, 2008 WL 162754, at *3 (S.D. Fla. Jan. 16, 2008) (quoting *Keegel v. Key West & Caribbean Trading Co.*, 627 F.2d 372, 374 (D.C. Cir. 1980)). There is also no requirement that Defendants show that their defense is likely to succeed. *See Go Relax Travel, LLC v. Process Am., Inc.*, No. 12-CV-20867-MGC, 2012 WL 13014700, at *2 (S.D. Fla. July 13, 2012) ("Likelihood of success is not the measure with respect to the sufficiency of a meritorious defense when weighing a vacatur of the Clerk's entry of default.") (cleaned up).

In support of overturning the default, Defendants would show the following meritorious defenses, which are non-exhaustive of the defenses that Defendants would raise as to liability and damages in this case:

➢ Defendants contend that the trademark an unfair competition claims are really breach of contract claims, as Plaintiffs allege that breaches of that certain franchise agreement with attendant trademark licensing rights gave "rise to the instant claims" in the lawsuit. [D.E. 12 ¶ 25], *see also Tile World Corp. v. Miavana & Family, Inc.,* No. 6:15-cv-919-Orl-28TBS, at *8 (M.D. Fla. Jan. 28, 2016) ("where there is a breach of a license agreement, the proper remedy is a breach of contract") (quoting 3 McCarthy on Trademarks and Unfair Competition § 18:44.50 n.2 (4th ed. 2015)).

➢ Plaintiff La Rosa Franchising, LLC is not the registrant of the federal trademark and therefore lacks standing to pursue these claims without a showing by Plaintiffs of its entitlement to pursue these claims. *Kroma Makeup EU, LLC v. Boldface Licensing + Branding, Inc.*, 264 F. Supp. 3d 1294, 1299 (M.D. Fla. 2017) (collecting cases for the proposition that some licensees may have standing to bring Lanham Act claims, while others may not, depending on the terms of the parties' arrangement).

➢ The Court does not have personal jurisdiction over La Rosa Realty Puerto Rico, P.S.C. for trademark infringement, because the ITU application does not confer personal jurisdiction alone, and either way it was cancelled by the U.S. Patent and Trademark Office. *See, e.g.*, *Quick Technologies, Inc. v. Sage Group PLC*, 313 F.3d 338 (5th Cir. 2003) (ITU application not sufficient for personal jurisdiction); Morales Decl. ¶ 17.

➢ The Court separately does not have personal jurisdiction over the defendant entity because it has never operated. Morales Decl. ¶¶ 7–8, 13–16.[1] All it has done is sign the franchise agreement and apply for the ITU application. The cancellation of the ITU application also negates the "intent" requirement sufficient

---

[1] The Amended Complaint deceptively points to a website purportedly owned by Defendants in its attached legal opinion [D.E. 12-5 at Appx. 4]. That website is not owned by Defendants but Plaintiffs. [*See* D.E. 1-3 PageID 84 at § 12.4]; Morales Decl. ¶¶ 9–11. Defendants do not maintain any website using the name "La Rosa Realty" or any permutations thereof. *Id.* at ¶ 12. Even if they did, the website in Appendix 4 does not give rise to personal jurisdiction in Florida. *Dynetech Corporation v. Leonard Fitness, Inc.*, 523 F.Supp.2d 1344, 1347 (M.D. Fla. 2007).

7

to meet specific jurisdiction under Florida's long-arm statute as well as satisfy the "effects test" for the second prong of the due process analysis Plaintiffs must satisfy under *Calder v. Jones*, 465 U.S. 783 (1984). *See Spectrum Image, Inc. v. Makozy*, No. 19-21702-Civ-Scola, 2019 WL 3997164, at *4 (S.D. Fla. Aug. 22, 2019) (a defendant's intent to continue to pursue its ITU application during the lawsuit was "sufficient to establish intent for jurisdictional purposes" under *Calder v. Jones*).

The franchise agreement contains a forum selection clause, but it is permissive: issues involving Plaintiffs' trademarks "may be submitted to a state or federal court within the State of Florida." [D.E. 1-3 PageID 97 at § 20.1]. Courts in this district have found that permissive forum selection clauses are insufficient for the conferral of personal jurisdiction over a party. *Pharmerica, Inc. v. Eagle HealthCare, Inc.*, No. 8:11-cv-2017-T-33EAJ, at *8 (M.D. Fla. Apr. 16, 2012). And even if it were mandatory, a forum selection clause alone is an insufficient basis for the conferral of personal jurisdiction without an independent basis for personal jurisdiction under the long-arm statute. *Barnett v. Carnival Corporation*, No. 06-22521-CIV-O'SULLIVAN [CONSENT], 2007 WL 1526658, at *8 (S.D. Fla. May 23, 2007); *see also Jetbroadband v. Mastec*, 13 So. 3d 159 (Fla. 3d DCA 2009) (requiring consideration in excess of $250,000 in the contract per section 685.101, Fla. Stat., for purposes of not requiring a separate independent basis for personal jurisdiction apart from the forum selection clause); *Ahern v. Pacific Gulf Marine, Inc.*, Case No.: 8:06-CV-2068-T-27MSS, 2008 WL 706501 (M.D. Fla. Mar. 13, 2008) (granting a motion to dismiss for lack of

personal jurisdiction where there was no independent basis for jurisdiction apart from the "consent" to jurisdiction in the forum selection clause).[2]

### 4. Permitting judgment with these infirmities would result in a windfall for Plaintiffs.

*Fourth*, permitting the default to stand and allowing Plaintiffs to proceed with a default judgment would likely result in significant financial loss to Defendants. *Pure Fresh,* 2019 WL 1921991, at *4. Defendants contend that Plaintiffs are not entitled to judgment or damages on the merits. Permitting a default judgment and damages would result in significant financial loss without allowing Defendants the opportunity to raise valid and meritorious claims.

### 5. Defendants acted promptly to correct the default.

And *last*, as noted above, Defendants acted promptly to correct the default. They filed this motion just a day after the Court's order directing the Clerk to enter a default and on the same day as entry of the Clerk's Default [D.E. 24].

Defendants also had good cause not to respond at all until now, as Plaintiff never correctly served their amended complaint as detailed below. *Kelly v. Florida*, 233 F. App'x 883, 885 (11th Cir. 2007). The Court seemed to recognize some of the

---

[2] Even if service were effectuated here, the defendant entity is due to be dismissed for lack of personal jurisdiction. The forum selection clause is permissive and does not satisfy section 685.101, Florida Statutes, insofar as the contract consideration was only $10,000. [D.E. 1-3 PageID 30]. Because the defendant entity never operated a business and has stopped pursuing its ITU application, there exists no independent basis for the exercise of personal jurisdiction over it.

deficiencies with service, requiring Plaintiffs to brief service of process in a motion for entry of default judgment.

### C. The default should be vacated because service of process was not properly effectuated.

Without proper service of process, a district court lacks both personal jurisdiction over a defendant and power to render a judgment. *Yaniga v. Florida Dep't of Transp.*, CASE NO: 8:11-cv-1371-T-23TBM, at *2 (M.D. Fla. Dec. 19, 2011). Service of process not in "substantial compliance" with the Federal Rules of Civil Procedure fails to confer personal jurisdiction over the defendant. *Abele v. City of Brooksville, Florida*, 273 Fed. App'x 809, 811 (11th Cir. 2008); s*ee also Erection Servs., Inc. v. Sims Crane Servs., Inc.*, 379 So. 2d 423, 425 (Fla. 2d DCA 1980) (concluding that Florida service statutes must be "strictly construed").

In Florida, the general rule is that a defendant must be personally served. *Societe Hellin, S.A. v. Valley Commercial Capital, LLC*, 254 So.3d 1018, 1020 (Fla. 4th DCA 2018). As an exception to the general rule, § 48.181, Florida Statutes, authorizes substituted service on nonresidents doing business in Florida or on defendants who are concealing their whereabouts. *Pelycado Onroerend Goed B.V. v. Ruthernberg*, 635 So.2d 1001, 1003 (Fla. 5th DCA 1994). Before a plaintiff can seek this exception, it must demonstrate "the exercise of due diligence in attempting to locate the defendant." *Alvarado-Fernandez v. Mazoff*, 151 So.3d 8, 16 (Fla. 4th DCA 2014).

To show due diligence, the Plaintiffs must establish that they "reasonably employed knowledge at [their] command, made [a] diligent inquiry, and exerted an honest and conscientious effort appropriate to the circumstances, to acquire the information necessary to enable [them] to effect personal service on the [defendants]." *Alvarado-Fernandez*, 151 So.3d at 17. "A common theme in cases holding that the plaintiff failed to exercise due diligence is that the plaintiff failed to follow an "obvious" lead." *Societe Hellin, S.A. v. Valley Commercial Capital, LLC*, 254 So.3d 1018, 1020 (Fla. 4th DCA 2018) (cleaned up).

Here, Plaintiffs failed to show concealment, due diligence, and they mislead the Court concerning the corporate defendant.

### 1. Defendants did not conceal their whereabouts.

Plaintiffs claim that they were required to serve Defendants via the Florida Secretary of State because Defendants were concealing their whereabouts and the corporate defendant's registered agent wasn't available. [D.E. 22 PageID 554]. But that's not correct. They claim that La Rosa Realty Puerto Rico, P.S.C. is a "registered Florida corporation located in Orlando, Florida" and its registered agent is located at "131 Los Gatos Place, Kissimmee, Florida 34759" listing Ms. Morales as its registered agent. [*See* D.E. 9, PageID 384; D.E. 13 PageID 441; D.E. 19]. They wax poetic about how the corporate defendant failed to maintain a registered office in Florida and how it breached its obligations to keep its office open during certain hours to justify substitute service. [D.E. 19].

But, La Rosa Realty Puerto Rico, P.S.C. is a *Puerto Rico* corporation, registered to do business only in the Commonwealth of *Puerto Rico*, listing its registered agent for service in *Puerto Rico*. Morales Decl. ¶¶ 3–6. At all times, Plaintiffs knew it was a Puerto Rico entity. [D.E. 1 ¶ 7; D.E. 12 ¶ 6]. At best, Plaintiffs made a grave mistake, but it appears that they misled the Court into allowing substitute service, and the Florida Secretary of State into accepting the same. Defendants were not concealing their whereabouts, and Plaintiffs only made one attempt to serve the entity at its registered address by handing the pleadings to someone who is not Ms. Morales. [D.E. 9 PageID 384]; Morales Decl. ¶ 24. They also put forth no showing to demonstrate that they ran a skip trace or looked at any public records to otherwise locate Ms. Morales, who travels between Florida and Puerto Rico. Morales Decl. ¶¶ 18–20.

### 2. Plaintiffs failed to exercise due diligence.

Here, Plaintiffs followed no leads to find Ms. Morales or serve her business. They misrepresented the location of her business to claim that it didn't maintain a registered office. Further, Ms. Morales travels between Florida and Puerto Rico often, *see id.* at ¶ 18, and Plaintiffs could have continued to try to serve her other than the few times they tried in Florida and single time they tried in Puerto Rico.

Further, the only correspondence Ms. Morales received from Plaintiffs was a single notification that they recently attempted to deliver certified mail to Ms. Morales' Kissimmee, Florida address, which Ms. Morales did not receive until after the 15-day hold period, as she does not permanently reside at that address. *Id.* at ¶

23. All this despite certifying on papers in this Court that they sent copies to Defendants' last known addresses via registered mail. And unlike the plaintiffs in *Ganpat v. Ave. Invest. Realty, Inc.*, where the court found due diligence, there is no evidence in the record that Plaintiffs conducted any public records searches to locate Ms. Morales or even go back to her registered office in Puerto Rico. *Ganpat v. Ave. Invest. Realty, Inc.*, No. 20-60816-CIV-DIMITROULEAS/SW (S.D. Fla. May 7, 2021).

Plaintiffs were simply not diligent.

### 3. Plaintiffs failed to strictly comply with the statute.

In addition, plaintiffs did not file the registered or certified mail return receipt or otherwise provide evidence of where they sent the Secretary's acceptance of service. The fact Defendants had actual notice of this litigation does not excuse plaintiffs from compliance with the statute. *Woodworth v. Smith*, 773 So. 2d 1170 (Fla. 2d DCA 2000) (reversing trial court's denial of motion to quash service despite finding defendant had actual notice based on regular mail); *see also Albra v. Advan, Inc.*, 490 F.3d 826, 829 (11th Cir. 2007) ("A defendant's actual notice is not sufficient to cure defectively executed service.").

Here, there is no evidence in the attorney affidavit [D.E. 19-1], that Plaintiffs mailed anything to La Rosa Realty Puerto Rico, P.S.C. in Puerto Rico at its registered office or P.O. Box. The company has not received any mail from Plaintiffs. Morales Decl. ¶ 22. Ms. Morales admits that she later received a delivery slip for mail sent to her personally from "El P Global" dated May 12, 2021, at her

13

address in Kissimmee, Florida. *Id.* at ¶ 23. However, it was returned to sender, and she does not know if it was addressed just to her or to her and the company. *Id.* Either way, no receipt was filed.

To get around the requirement to strictly comply with the statute, Plaintiffs claim concealment obviates their requirement to file these papers with the Court. [D.E. 22 PageID 553–54]. Courts have found that the requirement may be dispensed with when defendants evade service, *see Wise v. Warner*, 932 So. 591, 593 (Fla. 5th DCA 2006), but Plaintiffs have not made that showing. They misrepresented facts about the corporate defendant to claim evasion and they provided no evidence to support they continued to try to serve or even search for Ms. Morales after their initial attempts. The attorney affidavit [D.E. 19-1] is devoid of any sworn facts about concealment, diligence, or identity of the addresses to which the Secretary of State's acceptance of service was mailed. Plaintiffs have not strictly complied with the statute for purposes of substitute service.

For these reasons, the Court should vacate the default and quash service.

### III. CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court grant this motion, vacate the Clerk's default, and quash service.

Dated: June 17, 2022.

Respectfully submitted,

SLATER LEGAL PLLC

By: */s/ James M. Slater*
James M. Slater (FBN 111779)
113 S. Monroe Street
Tallahassee, Florida 32301
Tel: (305) 523-9023
james@slater.legal

**Local Rule 3.01(g) Certification**

Pursuant to Local Rule 3.01(g), the undersigned certifies that on June 17, 2022, counsel for Defendants contacted Plaintiffs' counsel via email to determine their position on the relief requested herein. Mr. Lynch invited the undersigned to meet and confer on the phone next week; however, Mr. Bonilla responded that "Service was proper. Feel free to file your motion." The undersigned will continue to confer with Plaintiffs' counsel, but files this motion expeditiously so that Defendants are not prejudiced by the Clerk's default [D.E. 24]. In the event further conference on this motion provides more clarity in Plaintiffs' position, the undersigned will file an updated certificate with the Court.

By: */s/ James M. Slater*
James M. Slater

## Certificate of Service

I hereby certify that on June 17, 2022, I electronically filed the foregoing document with the Clerk by using the CM/ECF system, which will serve a copy on all counsel of record.

By: <u>*/s/ James M. Slater*</u>
James M. Slater