IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF FLORIDA

LA ROSA FRANCHISING, LLC and
LA ROSA REALTY, LLC,   CASE NO:6:21-CV-1660-ACC

    Plaintiffs,

v.

ANA IVELISSE MORALES and
LA ROSA REALTY PUERTO RICO, PSC,

    Defendants.

_____/

## SUPPLEMENT TO PLAINTIFFS' RESPONSE TO MOTION TO SET ASIDE CLERK'S DEFAULT AND TO QUASH SERVICE

Plaintiffs respectfully file this Supplement to Plaintiffs' Response to Defendants' Motion to Set Aside Clerk's Default and Motion to Quash Service of Process to correct certain facts presented regarding service of process. Plaintiffs also show that Plaintiffs' believe in good faith that substitute service of process was proper pursuant to Section 48.181 of the Florida Statutes and further state that:

1. Plaintiffs have discovered a factual mistake related to service of process. In Plaintiffs' Motion for Approval of Alternative Service (Doc. 19), Plaintiffs inadvertently and incorrectly stated that Defendant, La Rosa Realty Puerto Rico, PSC, is a registered Florida corporation and designated with the Florida Secretary of State its business address and the address of its registered agent as 131 Los Gatos Place, Kissimmee, Florida 34759. This was an honest, unintentional error and mistake. Plaintiffs hereby respectfully withdraw those facts from the record in this case.

2. In preparing their Motion for Approval of Alternative Service, Plaintiffs

used a similar form motion from a prior case.  In editing and revising the Motion for the instant case, the above facts were not caught and clarified based on the facts in this action.

3. Plaintiffs do believe that the facts show that the Defendants were residents of the State of Florida, engaged in business in Florida that forms the basis of this action and appeared to no longer be residents of the State of Florida <u>or</u> are residents of the State of Florida and were concealing their whereabouts.  This supports substitute service of process upon the Defendants under Section 48.181 of the Florida Statutes.

4. The Defendants were concealing their whereabouts when Plaintiffs exercised substantial due diligence and efforts in attempting to locate and serve the Defendants in Florida and Puerto Rico for service of process.  The Defendants were aware of the lawsuit and tracking it and only appeared with counsel in the case following the entry of the Clerk's Default.

5. Section 48.181 provides that: "The acceptance by any person or persons, individually or associated together as a copartnership or any other form or type of association, who are residents of any other state or country, and all foreign corporations, and any person who is a resident of the state and who subsequently becomes a nonresident of the state or conceals his or her whereabouts, of the privilege extended by law to nonresidents and others to operate, conduct, engage in, or carry on a business or business venture in the state, or to have an office or agency in the state, constitutes an appointment by the persons and foreign corporations of the Secretary of State of the state as their agent on whom all process in any action or proceeding against them, or any of them, arising out of any transaction or operation connected with or incidental to the

business or business venture may be served. The acceptance of the privilege is signification of the agreement of the persons and foreign corporations that the process against them which is so served is of the same validity as if served personally on the persons or foreign corporations."   More succinctly, Section 48.181 provides that nonresidents including foreign corporations and partnerships, former residents, and persons who conceal their whereabouts are deemed to have appointed the Secretary of State as their agent for service of process.   Based on the facts, Plaintiffs believed that Defendants were subject to substitute service of process.

6. However, because of the inadvertent presentation of certain facts in Plaintiffs' Motion for Approval of Alternative Service, Plaintiffs asserted no objection to Defendants' Motion to Quash Service of Process or Motion to Set Aside Clerk's Default. Plaintiffs also asserted no objection to the Motion to Set Aside Clerk's Default based upon the Court's guidance and case law presented on that subject.  Plaintiffs respectfully and humbly request that this Honorable Court excuse the factual mistakes identified herein and show that the record stands corrected as to those facts.

Respectfully submitted this 20th day of July 2022.

**ELP Global, PLLC**

Vincent B. Lynch
Florida Bar No. 0917801
7901 Kingspointe Parkway, Suite 8
Orlando, Florida 32819
Phone: (813) 727-4490
Email: v.lynch@elpglobal.com

## CERTIFICATE OF SERVICE

The foregoing was served via the Court's ECF filing system to each Defendant on July 20, 2022.